In the Matter of WALTER S. SAUNDERS, Respondent, against STEPHEN P. KENNEDY, as Commissioner of the Police Department of the City of New York, Appellant.— In a proceeding to review a determination of the police commissioner of the City of New York, which dismissed respondent from the police force, the appeal is from an order annulling and setting aside the determination and directing that respondent be reinstated. Order affirmed, with $50 costs and disbursements. Although we recognize that the commissioner has wide discretion in determining what conduct is unbecoming a police officer (*People ex rel. Hart* v. *Board of Fire Comrs. of the City of N. Y.,* 82 N. Y. 358), and that such conduct need not necessarily be illegal or immoral, we agree with the Special Term that the charge against respondent, as embodied in the amended specification, did not allege any facts or charge the commission of any acts which, standing alone, could constitute " Disorder or neglect to the prejudice of good order, efficiency or discipline ". Respondent's plea of guilty merely admitted the facts alleged in the manner and form charged and did not create a punishable offense when none was charged against him. Neither did it preclude him from later attacking the sufficiency of the charge in this proceeding. (Cf. *People* v. *Jacoby,* 304 N. Y. 33, 50, and cases there cited; *Matter of Shea* v. *Valentine,* 249 App. Div. 556; *People ex rel. Hogan* v. *French,* 119 N. Y. 493, 498.) Nolan, P. J., Wenzel, Murphy and Ughetta, JJ., concur; Beldock, J., dissents and votes to reverse the order and to reinstate and confirm the determination, with the following memorandum: Respondent pleaded guilty to a violation of a rule of the police department which authorizes the commissioner in his discretion to determine what is conduct to the prejudice of good order. It may not be said that this discretionary determination is erroneous as a matter of law.

WILLIAM J. LEVITT et al., Appellants, v. INCORPORATED VILLAGE OF SANDS POINT et al., Respondents.— In an action to declare amendments to a local zoning ordinance unconstitutional and ineffective, the appeal is from an order denying a motion made on October 1, 1956 to sever the first cause of action, which this court on appeal had held to be sufficient, from the third and fourth causes, which this court on appeal had dismissed for insufficiency. The motion to sever was made on the ground that severance was necessary in order that a prospective appeal to the Court of Appeals might be taken from that part of our order which dismissed the third and fourth causes of action. On July 23. 1956 this court denied an application for leave to take such appeal. (2 A D 2d 781.) Order affirmed, with $10 costs and disbursements. The Special Term properly held that only one cause of action remains and that there are no causes which are severable in the present state of the record. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.