HYMAN B. FREEMAN et al., Respondents, *v.* FRANK T. LAMB et al., as Councilmen of the City of Rochester, Appellants, et al., Defendants.

Fourth Department, February 19, 1970.

*Hogan & Regan* (*John Manning Regan* of counsel), for appellants.

*Warren, Case, Weingartner, Yorks & Boomer (John B. McCrory* of counsel), for Hyman B. Freeman and another, respondents.

*John B. McCrory* for Michael W. Roche, respondent.

*Per Curiam.* In November, 1969 four Republicans and one Democrat were elected to the five City of Rochester Councilmanic offices to be filled, which changed the composition of the Council after January 1, 1970 from six Democrats and three Republicans to five Republicans and four Democrats. It was then claimed that one of the successful Republican candidates, Michael W. Roche, may not have lived within the City of Rochester during the two years preceding his election, a City Charter prerequisite to lawful candidacy. At that time section 5-5 of the Rochester City Charter provided that on the first business day of January following a municipal election the Council should organize and elect a Mayor, Vice Mayor, City Clerk and Messenger. In December, 1969 the Council adopted, by a six to three party-line vote, an amendment to section 5-5 of the charter which provides that (a) prior to the organization of the Council any three Councilmen may by petition to the Council challenge the qualification of any other Councilman to sit, and thereupon the Mayor shall, prior to such organization, set a date for a hearing thereon seven days later, (b) the challenged Councilman cannot take his seat until his qualification is determined, (c) which shall be decided within 72 hours after the hearing upon a vote of a majority of the Council exclusive of the challenged Councilman, and (d) if the latter fails to receive a majority vote of the other Councilmen in support of his qualification, he shall not be seated and his office shall be deemed vacant as of December 31 preceding the term for which he was elected. On the complaint and motion of taxpayers Freeman et al., Special Term ruled that said amendment is illegal and invalid, and an order was entered on December 31 granting a preliminary injunction enjoining the City Council from acting pursuant thereto. The Democratic Councilmen appeal from this order.

It is clear that a legislative body to which a candidate has been elected has broad powers to determine whether its members are qualified to sit (*People ex rel. Krulish* v. *Fornes,* 175 N. Y. 114, 117–118; 3 McQuillin, Municipal Corporations [3d ed., rev.], § 12.93), through the application of lawful procedures (see *Rathbone* v. *Wirth,* 150 N. Y. 459). A Legislature cannot, however, arbitrarily exclude candidates from running for office or, if

successful, from being seated (see *Matter of Callahan,* 200 N. Y. 59, 61; *Rathbone* v. *Wirth, supra; Barker* v. *People, 3* Cow. 686; 34 ALR 2d 218–221, Ann., Officers-Eligibility-Legislative Power).

The Board of Elections issued to Mr. Roche a certificate of election. While the issuance of such certificate in nowise limits the City Council in its examination and determination of the qualification and right of a Councilman-elect to sit *(People ex rel. Krulish* v. *Fornes, supra),* and indeed is a prerequisite to any need for inquiry by the Council, the procedures adopted by the Council in furtherance of its determination must be consistent with democratic processes, and give due recognition to the necessary continuance of an effective government and the right of the majority to control and rule *(Rathbone* v. *Wirth,* 150 N. Y. 459, 468, 472–475, *supra).* Moreover, a retiring Council may not legislate to limit the power of a successor Council to act (see *Edsall* v. *Wheler,* 29 A D 2d 622).

There must be accorded to the certificate of election of Mr. Roche the presumption in fact that he is qualified to be seated (37 Am. Jur., Municipal Corporations, § 47), which presumption may be overcome, of course, by appropriate Council action. Insofar as this amendment permits a minority of the Council to exclude a member-elect from office and thus empowers them to impede the regular conduct of business by the Council, it is an arbitrary and undemocratic measure, and hence must be held to be illegal and invalid (see *Rathbone* v. *Wirth,* 150 N. Y. 459, 474–475 *[supra]; Edsall* v. *Wheler,* 29 A D 2d 622 *[supra]*).

We find no merit in the contention that the complaint is insufficient. We are required to give liberal construction to pleadings (CPLR 3026); a preliminary injunction is proper in an action where an act in violation of plaintiff's rights threatens to render the judgment, if obtained, ineffectual (CPLR 6301); and a taxpayer's action is an appropriate remedy in a case such as this (see General Municipal Law, § 51; *Edsall* v. *Wheler, supra*).

Accordingly, the order appealed from should be affirmed.

GOLDMAN, P. J., DELVECCHIO, WITMER, GABRIELLI and BASTOW, JJ., concur.

Order unanimously affirmed, without costs.