■ In the Matter of MATTHEW DE VITO et al., Petitioners, v CITY OF TROY, Respondent.—Proceeding instituted in this court, pursuant to section 207 of the Eminent Domain Procedure Law (EDPL), to review a determination and findings made by respondent in acquiring certain real property of the petitioners. As part of respondent's program to provide off-street parking in the City of Troy, it proposed to acquire certain property owned by the petitioners. The procedures to be followed in making such an acquisition are

now set forth in the EDPL, effective July 1, 1978. Among them are requirements for notice, a public hearing, a record of proceedings, and a specific determination and findings with certain newspaper publication thereof (EDPL, §§ 201-206). Aggrieved persons may procure judicial review by filing a petition in the appropriate Appellate Division within 30 days after completion of publication of the determination and findings (EDPL, § 207, subd [A]). In the matter before us, it appears that respondent generally adhered to these statutory provisions. The challenged determination and findings were adopted by it on March 20, 1979, and the requisite publication was duly completed on April 4, 1979. However, the instant petition was not filed until July 5, 1979. As a result, respondent seeks a dismissal of the petition for failure to comply with the foregoing time limit. Petitioners' opposition rests on two arguments. First, they contend that another related proceeding, brought under provisions of the former Condemnation Law, is presently pending. We do not view that matter as a toll or a bar to the within proceeding for it may be pursued independently and remains subject to whatever objections the parties may raise (EDPL 706). Second, they seem to advance a form of estoppel based on settlement negotiations that were supposedly continuing throughout the entire period leading up to commencement of this proceeding. Coupled with this position is a claim that the statutory direction for publication of the determination and findings, rather than personal service, does not afford them sufficient notice of the short time limitation for judicial review. As for their theory of estoppel, we discern nothing in the record from which it could be fairly said that respondent somehow lulled petitioners into allowing their time for review to lapse. And, while we agree that it might be more equitable to provide for personal service of the determination in addition to publication (cf. *Schroeder v City of New York,* 371 US 208; *Mullane v Central Hanover Bank & Trust Co.,* 339 US 306), that is a matter for the Legislature. Since the notice complained of in this proceeding involved respondent's decision to acquire petitioners' property rather than a determination of just compensation, we are satisfied that said notice did not violate petitioners' basic due process rights (see 89 ALR2d 1404, 1405). Accordingly, the petition should be dismissed as untimely. Petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.