■ In the Matter of LEGAL AID SOCIETY OF SCHENECTADY COUNTY, INC., Petitioner, v CITY OF SCHENECTADY, Respondent. — Proceeding instituted in this court, pursuant to section 207 of the Eminent Domain Procedure Law (EDPL), to review the determination and findings made by the City of Schenectady relative to the acquisition of certain real property owned by the petitioner. In an effort to provide free off-street parking in the City of Schenectady in connection with a program to rejuvenate the downtown district, respondent proposed to acquire petitioner's property. The recently enacted EDPL sets forth the procedural guidelines to be used prior to the acquisition of property (EDPL 201-206). Included among these guidelines are the requirements that there be a public hearing to inform the public and to evaluate the public use to be served by the proposed public project (EDPL 201). Notice of the hearing is to be published at least 10 days before the hearing in a local newspaper (EDPL 202). Additionally, the condemnor must outline the purpose of the hearing and give persons attending a reasonable opportunity to express their views (EDPL 203). The final determination and findings concerning the proposed public project must be published in a newspaper within 90 days after the conclusion of the public hearings (EDPL 204). Petitioner contends, *inter alia,* that respondent City of Schenectady failed to give petitioner the required statutory notice pursuant to EDPL 202; that the notice provision of EDPL 202 is unconstitutional as a violation of due process; that the public hearing was improperly conducted and contrary to EDPL 203; that petitioners were not given adequate notice of the respondent's final determinations; and that the condemnor's findings of fact were insufficient to support the conclusions. We find that all of petitioner's arguments are without merit. The record clearly indicates that the statutory notice was given to the public since the notice of the public hearing was duly published in a local newspaper in five successive issues as required by statute (EDPL 202). Notice by publication was first issued on April 18, 1980, 10 days before the public hearing held on April 28, 1980. As to any constitutional infirmities of the notice by publication required by EDPL 202, it is enough to refer to *Matter of De Vito v City of Troy* (72 AD2d 866). In *De Vito* (p 867), we upheld the constitutionality of EDPL 202 stating that, "Since the notice complained of in this proceeding involved respondent's decision to acquire petitioners' property rather than a determination of just compensation, we are satisfied that said notice did not violate petitioners' basic due process rights". (See, also, *Matter of Ford [Additional Water Supply],* 60 Misc 2d 900, 904.) The EDPL has also met with Federal approval *(Kohlasch v New York State Thruway Auth.,* 482 F Supp 721). The contention by petitioner that the public hearing held on April 28, 1980 and adjourned to May 12, 1980 was not conducted in accordance with EDPL 203 is also unfounded. The record reveals that the

respondent complied with the statutory procedure in conducting the public hearing because the condemnor outlined the purpose of the hearing, denoted the location of the public project and gave petitioner a reasonable opportunity to present its views of the city's acquisition of its property. Finally, the record clearly establishes that a brief synopsis of respondent's determination and findings was published on two successive days in the *Schenectady Gazette,* viz., May 30 and May 31, 1980, well within the 90 days of the conclusion of the public hearings. Thus, the findings and the determination for acquiring petitioner's property were duly published (EDPL 204). Moreover, the content of the notice, although brief, was sufficient in that the purpose, the location and the general effect of the proposed project were all contained within the notice and, therefore, in compliance with EDPL 204, which requires that the notice be a "brief synopsis". We have considered petitioner's other arguments and find they have no merit. Petitioner's motion for an order directing respondent to file a further record pursuant to EDPL 207 is denied. Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.