In the Matter of ASSAY PARTNERS, Petitioner, v CITY OF NEW YORK et al., Respondents.

First Department, August 10, 1989

APPEARANCES OF COUNSEL

*Norman Sinrich* of counsel *(Nancy W. Pierce* and *Lawrence E. Savell* with him on the brief; *Chadbourne & Parke,* attorneys), for petitioner.

*Anshel David* of counsel *(Edith I. Spivack* and *Peter Rabinowitz* with him on the brief; *Peter L. Zimroth, Corporation Counsel,* attorney), for respondent.

## OPINION OF THE COURT

Asch, J.

Petitioner Assay Partners purchased the Assay Building, in downtown Manhattan, from the United States Government for $27,100,000 on November 1, 1983. Assay subsequently paid the municipal real property transfer tax for the transaction, to respondent New York City Department of Finance, under protest.

Administrative Code of the City of New York § 11-2101 *et seq.* (formerly Administrative Code § II46-1.0 *et seq.)* imposes a tax on all transfers of real property in New York City over

$25,000 (in the present case) at a rate of 2% of the total sales price. This statute provides for payment of the transfer tax by the property grantor. If the grantor does not pay the tax, or is exempt from it, the grantee or purchaser then becomes liable. (§ 11-2104, formerly § II46-4.0.)

Certain entities, including the United States, are exempt from the tax. The statute provides in this respect:

"The following shall be exempt from the payment of the tax imposed by this chapter and from filing a return:

"1. The state of New York, or any of its agencies, instrumentalities, public corporations (including a public corporation created pursuant to agreement or compact with another state or the Dominion of Canada) or political subdivisions;

"2. The United States of America, and any of its agencies and instrumentalities, insofar, as they are immune from taxation". (§ 11-2106 [a], formerly § II46-6.0 [a].)

In addition, the Administrative Code goes on to provide (§ 11-2106 [b], formerly § II46-6.0 [b]) as follows:

"The tax imposed by this chapter shall not apply to any of the following deeds:

"1. A deed by or to the United Nations or other world-wide international organizations of which the United States of America is a member;

"2. A deed by or to any corporation, or association, or trust, or community chest, fund or foundation, organized and operated exclusively for religious, charitable, or educational purposes, or for the prevention of cruelty to children or animals".

The language used in this latter section effectively exempts both the grantor and the grantee from the transfer tax. However, this exemption language is *not* used and does not apply to grantees of the United States (or the State of New York and its agencies, etc.).

While Assay filed a return and paid the tax due as noted, it sought a refund. Its contention was (and is) that grantees of the United Nations and educational, charitable and other like institutions are exempt from the transfer tax, while grantees of the United States are not, and that this constitutes a violation of the Supremacy Clause of the United States Constitution (art VI, cl [2]).

After a hearing before the respondent Finance Department, the respondent Commissioner denied the claim for a refund without ruling on the constitutional issue. Petitioner Assay

thereupon commenced this CPLR article 78 proceeding seeking to have the transfer tax it paid set aside as unconstitutional and a refund paid to it with interest. The proceeding was transferred to this court by the Supreme Court.

The Supremacy Clause (US Const, art VI, cl [2]) provides: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

Thus, "a state tax may not discriminate against the government or those with whom it deals" (58 NY Jur [rev vol], Taxation, § 27, at 64, citing *Phillips Co. v Dumas School Dist.,* 361 US 376, 387, *reh denied* 362 US 937).

■ Petitioner Assay's contention that a State or local tax may not treat *anyone* better than the United States or those dealing with the United States misapprehends the nature of "discrimination" required before a breach of the Supremacy Clause is deemed to have been committed. Thus, in *United States v Department of Revenue of Ill.* (371 US 21, *affg Per Curiam* 202 F Supp 757), the Supreme Court affirmed, without opinion, the decision of a three-Judge District Court panel holding that a tax statute does not violate the Supremacy Clause solely because persons dealing with charitable, religious or educational organizations are accorded more favorable treatment than persons dealing with the United States or its instrumentalities. In *Department of Revenue of Ill.,* the Federal Government and others challenged an Illinois tax upon proceeds of retail sales within the State which exempted proceeds of sales to charitable, religious or educational organizations but gave no such exemption for sales to the Federal Government, its instrumentalities or to other State and local governmental units. The District Court held that these differences between religious, charitable and educational organizations and governmental units provided a "reasonable basis for separate classification" and that there was no discrimination since the Federal and State governmental units were accorded equal treatment.

■ The Supreme Court's summary affirmance of this three-Judge District Court holding is "a controlling precedent" *(see, Tully v Griffin, Inc.,* 429 US 68, 74) and is directly in point

with the different treatment afforded petitioner as compared with grantees of charitable, educational and religious organizations.

■ While petitioner cites numerous cases in support of its contention that the instant transfer tax violates the Supremacy Clause, analysis of these matters shows that discriminatory treatment of the United States and its agencies is found only when other governmental units are treated in a preferred manner *(United States v City of Manassas,* 830 F2d 530, *affd* — US —, 108 S Ct 1568; *Phillips Co. v Dumas School Dist., supra; Moses Lake Homes v Grant County,* 365 US 744; *Matter of Forbes v Department of Fin.,* 66 NY2d 243). On the other hand, when the United States is treated the same as State governmental units, the challenges to the Supremacy Clause have been rejected *(Washington v United States,* 460 US 536; *United States v County of Fresno,* 429 US 452; *United States v City of Detroit,* 355 US 466).

Petitioner's claim that the added exemptions in this case to grantees of the United Nations and other international organizations, and not to grantees of the United States, discriminates against the United States, is also without merit. International organizations are composed of numbers of sovereign states, including the United States, bound together for various purposes. It would appear reasonable for the city to place such organizations in the same category as religious, charitable and educational institutions, since they have been formed to carry out many of the functions of the latter institutions *(cf., Appelbaum v Deutsch,* 66 NY2d 975). It should be appreciated, in addition, that the City of New York, in extending such an exemption to the grantee of the United Nations and other international organizations, supports and furthers the public policy of the United States as the host country, by welcoming and supporting such international endeavors.

Besides the contention that the transfer tax is unconstitutional on its face, petitioner also argues that the tax is unconstituional because the city administers it in a way so that those who deal with the city are treated in a preferential manner as compared with those who do business with the United States. In support of this contention, petitioner asserts it bought air rights owned by the city over property located directly across from the government building. Petitioner contends that the city structured the sale so as to first convey the air rights to the city's Public Development Corporation, which as a tax-exempt organization then reconveyed the air rights to

petitioner. As a result of this, no transfer tax was payable by petitioner on the air rights conveyed.

■ However, it appears from the record that the primary purpose of this roundabout transaction was not to avoid a tax (to be paid by petitioner) but rather, to obviate the necessity for a public auction or a bid proceeding for the air rights.

■ While the facts upon which the instant claim is based are present in the record, the claim, based on the Public Development Corporation air rights transaction, that the statute was administered in a discriminatory manner, was not raised in the administrative hearing by petitioner and may, therefore, not be raised for the first time in this proceeding *(Matter of Hennekens v State Tax Commn.,* 114 AD2d 599, 600).

■ In any event, this showing by petitioner does not establish the existence of a consistent policy by the city of using the Public Development Corporation (or other exempt agency) to favor city grantees as opposed to discriminatory taxation of Federal grantees *(cf., Phillips Co. v Dumas School Dist., supra; Moses Lake Homes v Grant County, supra).* A statute which is facially constitutional may be held to be administered in an unconstitutional manner only where there is " 'a pattern of discrimination consciously practiced' " *(Matter of Zorach v Clauson,* 303 NY 161, 174).

The single instance involving the Public Development Corporation offered by petitioner did not show a pattern or consistent policy. In fact, the evidence adduced by petitioner's witness makes it apparent that the real reason for the structure of the transaction was to avoid public bidding.

Accordingly, the determination by the respondent Abraham Biderman, as Commissioner of the Department of Finance of the City of New York, dated October 29, 1987, denying petitioner Assay Partners' application for a refund of the real estate transfer tax payment, should be confirmed, and the article 78 proceeding transferred to this court by an order of the Supreme Court, New York County (Francis Pecora, J.), entered September 21, 1988, should be dismissed, without costs or disbursements.

KUPFERMAN, J. P., CARRO, ELLERIN and SMITH, JJ., concur.

Determination of respondent Commissioner dated October 29, 1987, unanimously confirmed, without cost and without disbursements.