■ In the Matter of ANTHONY DALO, Petitioner, v NEW YORK

CITY LOFT BOARD et al., Respondents.—In this proceeding, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (William P. McCooe, J.), entered January 19, 1989 to review a determination of respondent New York City Loft Board dated June 16, 1988 which, upon reconsideration, declared a portion of the loft leased by petitioner and used exclusively for commercial purposes not subject to the protection of article 7-C of the Multiple Dwelling Law, the determination is unanimously confirmed, the petition dismissed, and the stay vacated, without costs.

Petitioner is the fourth-floor tenant in a building leased from respondent, Sabra Associates. Following an evidentiary hearing at which petitioner testified, the respondent New York City Loft Board (the Board), by Order No. 695 dated November 5, 1987, ruled that the building was an interim multiple dwelling covered by (art 7-C) section 280 *et seq.* of the Multiple Dwelling Law. Specifically, the Board held that four units in the building, one of which constituted the entire 2,800-square-foot space leased by petitioner, were "occupied for residential purposes" between April 1, 1980 and December 1, 1981, the relevant statutory period. (Multiple Dwelling Law § 281 [1].)

On December 16, 1987, Sabra filed a request for reconsideration which the petitioner, by his attorney, answered. Thereafter, the Board granted reconsideration and by Order No. 778, issued June 16, 1988, exempted from coverage the 2,000-square-foot portion of petitioner's unit which, by petitioner's own testimony, was used exclusively for commercial purposes.

By petition dated October 12, 1988, Dalo commenced this proceeding seeking to annul the Board's Order No. 778 and to reinstate Order No. 695. On November 4, 1988 Sabra served petitioner with a 30-day notice of termination of tenancy with regard to the 2,000-square-foot commercial space. Upon petitioner's motion, eviction was stayed by the order of the Supreme Court.

Petitioner argues that both the Board's decision to reconsider the November 5, 1987 order and its determination upon reconsideration were arbitrary and capricious.

The Loft Law (Multiple Dwelling Law § 280 *et seq.*), enacted in 1982, addressed problems resulting from the widespread illegal conversion of commercial loft buildings to residential use. Recognizing that loft dwellers frequently occupied substandard and unsafe living accommodations but that their

displacement would result in tremendous hardship given the acute housing shortage, the Legislature "provided a framework for legitimizing the *residential* occupancy of converted commercial loft space and for clarifying the rights and obligations of *residential* loft tenants and landlords." *(Anthony v New York City Loft Bd.,* 122 AD2d 725, 726-727 [1st Dept 1986] [emphasis added]; *see also, Matter of Lower Manhattan Loft Tenants v New York City Loft Bd.,* 66 NY2d 298 [1985].) Thus, section 281 (1) of the Multiple Dwelling Law specifically defines an interim multiple dwelling, subject to the protection of the Loft Law, as a "building or structure or portion thereof * * * occupied for residential purposes".

Petitioner herein unequivocally testified that 2,000 square feet of the 2,800-square-foot unit consistently have been used by him exclusively for his woodworking business, and that this commercial space is separate and distinct from the 800-square-foot residential portion of the unit. A sheetrock wall separates the two areas. There is no direct access between the two spaces. The residential and commercial areas may only be entered from an outside staircase hallway, and each entrance has a different lock and key. During the statutory window period petitioner had employees who worked only in the commercial space.

Thus, the June 16, 1988 order of the Board which upon reconsideration declared the commercial portion of petitioner's unit to be exempt from Loft Law coverage has a rational basis in law, is supported by substantial evidence *(Matter of Pell v Board of Educ.,* 34 NY2d 222 [1974]) and, therefore, must be confirmed.

The Board's reconsideration of Order No. 695 was in accordance with section 26 (a) of its regulations specifically promulgated, pursuant to Multiple Dwelling Law § 282, for purposes of reconsideration. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.