■ In the Matter of HEALTH TEA CORP., Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents.—Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about December 14, 1988, which denied petitioner's CPLR article 78 petition for a judgment annulling a determination of the respondent Loft Board dated April 28, 1988, is unanimously affirmed, without costs.

Uncontradicted evidence shows that the petitioner landlord denied its fifth-floor tenants access to the building's elevator after they had enjoyed such access for nearly 10 years. The respondent Loft Board's determination to order restoration of elevator access to the tenant has a rational basis and is supported by substantial evidence *(see, Matter of Dalo v New York City Loft Bd.,* 157 AD2d 461).

The landlord's issue preclusion argument is without merit. The argument is based on a 1986 order and decision of the Civil Court, New York County (Roger Bryant Hunting, J.). The doctrine of issue preclusion applies only to arguments that could have been raised in prior litigation between the same parties *(Matter of Hodes v Axelrod,* 70 NY2d 364). The Loft Board could not have raised the relevant issues before

Judge Hunting, since the arguments are based on facts that arose after those proceedings were concluded.

The landlord's constitutional argument was not raised before the administrative body, and is therefore not preserved for review by an article 78 court *(Matter of Assay Partners v City of New York,* 149 AD2d 63, 68, *lv denied* 75 NY2d 705), and should in any event be rejected as being without merit. Concur—Ross, J. P., Asch, Kassal, Wallach and Rubin, JJ.