■ In the Matter of JOANNE F. SHERRY, Individually and as Sublicensee of ZEPHYR BROKERAGE, INC., et al., Petitioners, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, et al., Respondents.—Determination of the respondent Superintendent of Insurance of the State of New York dated June 5, 1989, as modified by a subsequent decision dated February 6, 1991, which determined that the petitioners had violated Insurance Law § 2117 by aiding an unlicensed insurer, and imposed penalties in the total amount of $6,500, is unanimously confirmed, the petition denied and this proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County [Clifford Scott, J.] entered on September 22, 1989) is dismissed, without costs.

The respondent agency found that the petitioners, an insurance brokerage firm and its principal, acted improperly in selling insurance packages provided unlawfully by the American Motor Club *(see, People v American Motor Club,* 133 AD2d 593). This determination is supported by substantial evidence, the penalty imposed is not so disproportionate to the offense, in light of the circumstances, as to shock one's sense of fairness, and neither will be disturbed by this court *(see, Matter of Fernandez v Corcoran,* 172 AD2d 438).

We decline to consider the petitioners' argument that the determination violates their constitutional rights, since objection based on facts must be raised before the administrative body *(Matter of Assay Partners v City of New York,* 149 AD2d 63, *lv denied* 75 NY2d 705, *cert denied* — US —, 111 S Ct 52). Were we to consider it, we would find it to be without merit.

We have reviewed the petitioners' remaining arguments, and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin, Smith and Rubin, JJ.