■ In the Matter of A & J PRODUCE CORPORATION, Petitioner, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK, Respondent. [605 NYS2d 61] —Determination of the respondent Commissioner of Finance of the City of New York dated March 31, 1992, which upheld the City of New York Tax Appeals Tribunal's denial of petitioner's motion for summary decision, dismissed its petition and upheld the respondent Commissioner's assessment of a tax deficiency in the principal amount of $3,896, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Eugene Nardelli, J.], entered October 2, 1992), dismissed, without costs.

The determination that petitioner, a grocery wholesaler which operates in the the New York City Terminal Market (the "Hunt's Point Market") is liable for Commercial Rent Tax (Administrative Code of City of NY § 11-701 *et seq.)* on payments pursuant to Article 1 (b) of the governing leases, as terminal charges for receipt of shipments that petitioner receives, typically by truck or rail, as original receiver of the goods, because such payment is for services that a lessee of similar space could reasonably demand as accompanying the lease of the demised premises *(see, Matter of Debenhams, Inc. v Commissioner of Fin., N. Y. City,* 117 AD2d 344, 350, *lv denied* 68 NY2d 609), is supported by substantial evidence.

We do not consider petitioner's argument that the tax ordinance is unconstitutional as applied to it, since there has been no notice to the Attorney-General pursuant to Executive Law § 71 *(see, Matter of Tiffany B.,* 111 AD2d 168, *lv denied sub nom. Matter of Nassau County Dept. of Social Servs. v John B.,* 65 NY2d 606, *cert denied sub nom. Blake v Nassau County Dept. of Social Servs.,* 474 US 862), and since the fact-based argument is made for the first time to this Court *(see, Matter of Sherry v Corcoran,* 176 AD2d 694). Otherwise, we would find it without merit.

We have considered petitioner's remaining arguments, and find them to be without merit. Concur—Carro, J. P., Ellerin, Kupferman and Rubin, JJ.