■ In the Matter of LILLIAN SERIL et al., Petitioners, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, et al., Intervenors. [613 NYS2d 157] —Order, Supreme Court, New York County (Stanley Parness, J.), entered August 2, 1993, which, in a proceeding pursuant to CPLR article 78 to terminate respondent New York State Division of Housing and Community Renewal's finding of tenant harassment, held that respondent's refusal to terminate such findings does not constitute an "excessive fine" under either US Constitution 8th Amendment or NY Constitution, article I, § 5, and transferred the remainder of the proceeding to this Court, unanimously affirmed, without costs. Determination of respondent dated May 26, 1992, which denied petitioners' application to terminate findings of tenant harassment, unanimously annulled, without costs, on the law, the facts, and in the exercise of discretion, the petition granted, and the matter remanded to respondent for the purpose of conducting a current re-inspection with specific reference to the conditions and repairs at issue in these proceedings and for an administrative re-determination thereupon.

We reject petitioners' excessive fine claim, since it was, and continues to be, a matter of their own choice to do what is necessary to correct the conditions that led to the findings of harassment and thereby lift the restrictions imposed *(see, Matter of Krax Perapatie Apanu Stu Krokodrilos Tus Platos v New York City Loft Bd.,* 157 AD2d 611; *cf., Matter of Saunders v Kennedy,* 154 NYS2d 523, 525, *affd* 3 AD2d 679). Petitioners' argument that the challenged determination effects a taking of property without just compensation is not preserved for appellate review since it was never raised before respondent *(see, Matter of Sherry v Corcoran,* 176 AD2d 694), or for that matter the IAS Court *(see, Murray v City of New York,* 195 AD2d 379, 381), and in any event is without merit since petitioners have not been deprived of all reasonable use of the property *(see, Spring Realty Co. v New York City Loft Bd.,* 127 Misc 2d 1090, 1093-1094, *affd* 117 AD2d 1029).

As for the substantial evidence question, we find that the record presented is inadequate, inasmuch as the evidence therein is piecemeal, conflicting, and, at this point, outdated. Furthermore the record shows that the last inspection which addressed the conditions at issue in these proceedings was a single inspection which took place on November 9, 1988.

Therefore, we remand for the purposes stated. Concur—Ellerin, J. P., Asch, Rubin, Nardelli and Williams, JJ.