■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON BENNETT, Appellant. [637 NYS2d 7] —Judgment, Supreme Court, Bronx County (William Donnino, J.), rendered June 21, 1994, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree and attempted criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of $1^1/_2$ to $4^1/_2$ years, unanimously affirmed.

The trial court properly determined, after due inquiry, that defendant's display of a loaded handgun to "scare * * * off" others was a menacing action constituting the crime of criminal possession of a weapon in the second degree under Penal Law § 265.03. The record indicates that defendant entered a knowing, intelligent and voluntary guilty plea that included an express waiver of his right to appeal the conviction (*see, People v Seaberg*, 74 NY2d 1). Despite extended colloquy on the subject of intent, defendant at no time suggested that his display of the gun was in self-defense or otherwise justified. Thus, in light of the colloquy and defendant's failure to move for withdrawal of the plea or vacatur of the conviction, his current claim that the plea court should have divined the possibility that defendant might have acted defensively is not preserved (*see, People v Lopez*, 71 NY2d 662). Concur—Rosenberger, J. P., Wallach, Rubin, Nardelli and Mazzarelli, JJ.

■ In the Matter of the DORMITORY AUTHORITY OF STATE OF NEW YORK, Respondent. JAMES DAVIS et al., Appellants. [636 NYS2d 1007] —Order, Supreme Court, New York County (Stanley Parness, J.), entered August 1, 1995, which granted the petition for condemnation of the subject property, with related relief, unanimously affirmed, without costs.

Tenants' challenge to petitioner's determination was untimely under EDPL 204. The tenants' claim that this statute's provision for service by publication is unconstitutional is improperly raised for the first time on appeal and made without the notice to the Attorney-General required by Executive Law § 71 (*see, Matter of A & J Produce Corp. v Commissioner of Fin. of City of N. Y.*, 199 AD2d 99, *lv denied* 86 NY2d 701). In any event, such claim is without merit (*see, Matter of De Vito v City of Troy*, 72 AD2d 866). We have considered appellants' remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Nardelli and Mazzarelli, JJ.