■ In the Matter of ROSAMOND MARCH, Petitioner, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [942 NYS2d 336]—

Determination of respondent New York City Department of Housing Preservation and Development, dated April 6, 2010,

which issued a certificate of eviction as to petitioner, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jane S. Solomon, J.], entered January 11, 2010), dismissed, without costs.

The determination to issue a certificate of eviction is supported by substantial evidence (see Matter of Verdell v Lincoln Amsterdam House, Inc., 27 AD3d 388, 390 [2006]). The hearing testimony shows that petitioner breached the stipulation in which she agreed to keep her apartment clean and free of unsanitary conditions and odor. Further, in view of the condition of the apartment, we do not find the penalty of eviction shocking to the conscience.

Petitioner did not raise at the hearing her argument that she was entitled to an accommodation. Indeed, in the stipulation, she explicitly withdrew her request for a reasonable accommodation (see Matter of Seril v New York State Div. of Hous. & Community Renewal, 205 AD2d 347 [1994]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz, Renwick and Abdus-Salaam, JJ.