■ Nader & Sons, LLC, et al., Respondents, v Hazak Associates LLC, Appellant. [53 NYS3d 622]—

Order and judgment (one paper), Supreme Court, New York County (O. Peter Sherwood, J.), entered September 24, 2015, which denied defendant's motion to dismiss the complaint (which was converted to a motion for summary judgment), granted plaintiffs' cross motion for summary judgment, and declared that defendant defaulted on its obligation under the terms of an operating agreement to make a true-up distribution to plaintiffs as assignees of Beshmada LLC under the terms of a partial settlement agreement, and that the assignment to plaintiffs of personal guaranties given by two nonparty individuals regarding defendant's obligation to make the true-up distribution was valid, unanimously modified, on the law, to vacate the declaration that the assignment of the guaranties was valid and that plaintiffs are assignees under the terms of the partial settlement agreement, and to declare that the assignment under the partial settlement agreement was unauthorized, null and void, and otherwise affirmed, without costs.

The IAS court erred in concluding that defendant was judicially estopped from challenging plaintiffs' standing. Defendant's privies argued in a separate action that, based on the mandatory forum selection clause in the operating agreement, the issue of whether there was a default under the true-up provision had to be decided in New York. Contrary to the IAS court's conclusion, this statement did not mean that defendant's privies or defendant had waived any defense to an action brought by plaintiff in New York. Accordingly, the statements made in the other action were not contradicted by defendant's position with respect to standing here, and thus defendant is not judicially estopped from challenging plaintiff's standing in this action (*see Becerril v City of N.Y. Dept. of Health & Mental Hygiene*, 110 AD3d 517, 519 [1st Dept 2013], *lv denied* 23 NY3d 905 [2014]). Nevertheless, as assignees of guaranties of performance under the operating agreement, plaintiffs had standing to litigate whether a default under that agreement had occurred, as such a default is a defense against plaintiffs' exercise of their own rights under the guaranties (*see NTL Capital, LLC v Right Track Rec., LLC*, 73 AD3d 410, 411 [1st Dept 2010]).

The IAS court correctly determined that the prior declaratory judgment action does not preclude this action, since the prior action considered and declared as to an assignment not at issue here (*see Jefferson Towers v Public Serv. Mut. Ins. Co.*, 195 AD2d 311, 313 [1993]).

Under the plain language of the operating agreement, the notice and cure provisions do not apply to the alleged default by defendant. Accordingly, defendant's argument that there was no default because it never received notice and an opportunity to cure is unavailing, and the IAS court correctly granted plaintiff summary judgment declaring that there was a default.

The entire assignment in the partial settlement agreement is null and void. The operating agreement bars an assignment of Behsmada's "Interest" without defendant's consent, and plaintiff knew that defendant never consented to the assignment in the partial settlement agreement. We have considered plaintiff's arguments regarding the assignment, including that the assignment of the true-up provision should be considered as a separate, severable assignment, and find them unavailing (*see Matter of Wilson*, 50 NY2d 59, 65-66 [1980]).

Because neither the complaint nor the moving papers sought a declaration as to the validity of the assignment of the guaranties, and because that issue involves different questions and rights than at issue here, it was error for the IAS court to grant that relief sua sponte (*see WFR Assoc. v Memorial Hosp.*, 14 AD3d 840, 841-842 [3d Dept 2005]). Concur—Friedman, J.P., Richter, Mazzarelli, Feinman and Gische, JJ.