Korangy v Malone (2018 NY Slip Op 03767)





Korangy v Malone


2018 NY Slip Op 03767


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kahn, JJ.


6683N 655211/16

[*1] Amir Korangy, Plaintiff-Appellant-Respondent,
v
Georgia Malone, et al., Defendants-Respondents-Appellants, Daniel Shimko, et al., Defendants.


The Stolper Group, LLP, New York (Michael Stolper of counsel), for appellant-respondent.
Law Office of D. Paul Martin PLLC, New York (D. Paul Martin of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered June 6, 2017, which, to the extent appealed from, as limited by the briefs, granted, for reasons stated on the record on May 22, 2017, defendants' motion to dismiss plaintiff's first cause of action for breach of contract, third cause of action for breach of the covenant of good faith and fair dealing, and fourth cause of action for breach of fiduciary duty, and denied defendants' application for sanctions, unanimously affirmed, with costs.
The motion court correctly dismissed the breach of contract cause of action, as "[u]nder the plain language of the operating agreement" (Nader & Sons, LLC v Hazak Assoc. LLC, 149 AD3d 503, 505 [1st Dept 2017]), namely, paragraph 3.3.3, when the members are deadlocked on an issue, they are to submit to mediation, and the "decision of the mediator shall be final and binding." Taking the allegations in the complaint as true, plaintiff admitted the parties were deadlocked and the dispute was submitted to mediation. The cause of action for breach of the covenant of good faith and fair dealing was also correctly dismissed, as the May 17, 2016 letter from defendants' attorney to the broker for plaintiff's prospective buyer did not violate the operating agreement, as it was entitled to withhold consent absent plaintiff's prior notification (Phoenix Capital Invs. LLC v Ellington Mgt. Group, L.L.C., 51 AD3d 549, 550 [1st Dept 2008]). The cause of action for breach of fiduciary duty was foreclosed by the mediation that resolved this issue, and plaintiff was therefore estopped from rearguing this issue (see Matter of Health Tea Corp. v New York City Loft Bd., 162 AD2d 152, 152 [1st Dept 1990]). That branch of the cause of action for breach of fiduciary duty based on defendant's purchase of a commercial building adjacent to the building at the core of this dispute, was correctly dismissed with leave to replead, as plaintiff has not sufficiently pled " allegations from which damages attributable to [defendants' conduct] might be reasonably inferred'" (InKine Pharm. Co. v Coleman, 305 AD2d 151, 152 [1st Dept 2003]).
"The court's denial of sanctions and its finding that neither plaintiff nor her lawyer had engaged in frivolous conduct constituted a proper exercise of discretion" (Constantini v Constantini, 44 AD3d 509, 509 [1st Dept 2007]; see 22 NYCRR 130—1.1[a],[c]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK