Dan's Hauling & Demo, Inc. v GMMM Hickling, LLC (2021 NY Slip Op 02693)





Dan's Hauling & Demo, Inc. v GMMM Hickling, LLC


2021 NY Slip Op 02693


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1068 CA 19-01886

[*1]DAN'S HAULING & DEMO, INC., PLAINTIFF-APPELLANT,
v
GMMM HICKLING, LLC, HICKLING POWER DEVELOPMENT, LLC, POWER DEVELOPMENT HOLDINGS, LLC, AND JOHN PACHECO, DEFENDANTS-RESPONDENTS. 






THE STEELE LAW FIRM, P.C., OSWEGO (KIMBERLY A. STEELE OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA LLP, ROCHESTER (JAMES M. PAULINO, II, OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Steuben County (Matthew A. Rosenbaum, J.), entered October 3, 2019. The order, among other things, denied the cross motion of plaintiff seeking, inter alia, summary judgment on the breach of contract cause of action and granted defendants summary judgment dismissing that cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph and reinstating the first cause of action, and as modified the order is affirmed without costs.
Memorandum: This appeal arises from an asset purchase and sale agreement (agreement) between plaintiff and defendants in which plaintiff agreed to remove hazardous materials from defendants' power plant, perform demolition work, and pay a sum of money to defendants, and in exchange plaintiff could remove salvaged metal generated by the project, which plaintiff would then sell to others. Pursuant to the agreement, plaintiff agreed to pay defendants the "purchase price" in four installments. As relevant here, the agreement's payment clause states: "First Installment: Due and payable on the earlier of (i) 30 calendar days after completion of the Abatement or commencement of the Demolition portion of the Work, whichever occurs first; and (ii) the Removal . . . of 3,500 tons of Salvaged Metals . . . from the Property."
While the project was underway, defendants terminated the agreement pursuant to the payment clause on the ground that over 30 days had passed after the commencement of demolition and plaintiff had failed to make the first installment payment. On appeal, it is not disputed that the abatement work had not been completed and that plaintiff had not removed 3,500 tons of salvaged metals from the property.
Plaintiff thereafter initiated this action, asserting, inter alia, a breach of contract cause of action based on allegations that defendants breached the agreement by terminating it before plaintiff's first installment became due. According to plaintiff's interpretation of the payment clause, its obligation to make the first installment payment required two triggering events: (1) 30 days passing from either the completion of the abatement or the commencement of demolition, whichever occurred first; and (2) the removal of 3,500 tons of salvaged metals from the project. Plaintiff alleged that its payment obligation had not triggered because it had not removed 3,500 tons of salvaged metals.
Defendants answered and asserted various counterclaims, including a counterclaim for breach of contract. According to defendants' interpretation of the payment clause, plaintiff's obligation to make the first installment payment required one triggering event, which could be either: (1) 30 days passing from the completion of abatement; (2) 30 days passing from the [*2]commencement of demolition; or (3) removal of 3,500 tons of salvaged metals. In other words, defendants applied the phrase "on the earlier of" in the payment clause to mean the earlier of romanette "i" or romanette "ii," whereas plaintiff applied "on the earlier of" to apply only to the two events described within romanette "i," rendering both romanette "i" and "ii" necessary prerequisites to its first installment obligation.
Shortly after plaintiff commenced this action, Supreme Court granted plaintiff's request for preliminary injunctive relief and directed defendants to, inter alia, allow plaintiff back onto the property to continue its work pursuant to the agreement.
Following other motion practice not at issue on appeal, plaintiff cross-moved for, among other things, summary judgment on the complaint or, alternatively, on the issue of liability only, and an order holding defendants in contempt of the court's order granting preliminary injunctive relief.
The court, inter alia, denied plaintiff's cross motion for summary judgment and, sua sponte, searched the record and granted defendants summary judgment dismissing plaintiff's breach of contract cause of action and on their first counterclaim, for breach of contract. In its decision, the court adopted defendants' interpretation of the payment clause, holding that plaintiff's obligation to pay triggered, as relevant here, upon the earlier of 30 days passing from the start of demolition or the removal of 3,500 tons of salvaged metals. Plaintiff appeals.
Contrary to plaintiff's contention, plaintiff failed to meet its initial burden on its cross motion for summary judgment. " 'The words and phrases used by the parties must, as in all cases involving contract interpretation, be given their plain meaning' " (Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]). " '[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (Auburn Custom Millwork, Inc. v Schmidt & Schmidt, Inc., 148 AD3d 1527, 1529 [4th Dept 2017]; see Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 31 NY3d 1002, 1006 [2018], rearg denied 31 NY3d 1141 [2018]). " 'Whether a contract is ambiguous is a question of law and extrinsic evidence may not be considered unless the document itself is ambiguous' " (Auburn Custom Millwork, Inc., 148 AD3d at 1529; see generally Tomhannock, LLC v Roustabout Resources, LLC, 33 NY3d 1080, 1082 [2019]; Maven Tech., LLC v Vasile, 147 AD3d 1377, 1378 [4th Dept 2017]). "An agreement is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion" (Ellington, 24 NY3d at 244 [internal quotation marks omitted]). "Ambiguity in a contract arises where the contract, read as a whole, fails to disclose its purpose and the parties' intent . . . , or where specific language is susceptible of two reasonable interpretations" (id.; see Ames v County of Monroe, 162 AD3d 1724, 1726 [4th Dept 2018]). If a contract is ambiguous, "extrinsic or parol evidence may be then permitted to determine the parties' intent as to the meaning of that language" (Ames, 162 AD3d at 1726 [internal quotation marks omitted]). "[A] party seeking summary judgment has the burden of establishing that the construction it favors is the only construction which can fairly be placed thereon" (Auburn Custom Millwork, Inc., 148 AD3d at 1529 [internal quotation marks omitted]).
We conclude that plaintiff failed to establish that the construction it favors is the only one that can be fairly placed upon the payment clause (see generally id.). As noted above, according to plaintiff's interpretation, its obligation to make the first installment payment required two triggering events. Plaintiff's interpretation largely relies on the presence of the word "and" between the two romanettes, which plaintiff contends means that each romanette provides a separate and necessary prerequisite, and plaintiff contends that the phrase "the earlier of" applies only to the two events listed within romanette "i." Contrary to that interpretation, however, the placement of the phrase "the earlier of" preceding romanette "i" suggests that there is only one triggering event, i.e., either an event described in romanette "i" or an event described in romanette "ii," and that "the earlier of" refers to both romanettes. Further, applying "the earlier of" to only the two events described in romanette "i," without applying it to the event described in romanette "ii," would render superfluous the phrase "whichever occurs first" within romanette "i."
On the other hand, according to defendants' interpretation of the payment clause, [*3]plaintiff's obligation to make the first payment required the occurrence of one triggering event. That interpretation applies the phrase "on the earlier of" to mean "on the earlier of" the events described in romanette "i" or romanette "ii." Although that interpretation solves the inconsistencies created by plaintiff's interpretation, it creates two new ones. First, the use of the term "and" between the two romanettes suggests that there are two conditions, and that both of those conditions must be satisfied. Although defendants contend that "and" should be read as the equivalent of "or," the payment clause distinctly uses the word "or" within romanette "i," thereby suggesting that the drafters intended a difference between the disjunctive "or" and conjunctive "and." Second, treating "and" as the equivalent of "or" contravenes the use of only two romanettes in the clause's overall organization. If, as defendants contend, the payment clause is read to mean that the payment obligation is triggered upon the earlier of either (i) 30 days passing from the completion of abatement or commencement of demolition; or (ii) removal of 3,500 tons, then logically the clause would have been drafted with three romanettes instead of two, i.e., (i) 30 days from completion of abatement; or (ii) 30 days from commencement of demolition; or (iii) removal of 3,500 tons. Although the parties cite to language in other sections of the agreement in order to support the two opposing interpretations of the payment clause, we conclude that none of those provisions resolve the dispute regarding the interpretation of the payment clause.
Thus, we conclude that the payment clause is ambiguous inasmuch as it does not possess "a definite and precise meaning" and there is a "reasonable basis for a difference of opinion" (Ellington, 24 NY3d at 244 [internal quotation marks omitted]; see Ames, 162 AD3d at 1726-1727). Because it is ambiguous, we may look to extrinsic evidence to determine the meaning of the payment clause (see Ames, 162 AD3d at 1726). Nevertheless, even considering the extrinsic evidence submitted by plaintiff, plaintiff failed to meet its initial burden "of establishing that the construction it favors is the only construction which can fairly be placed thereon" (Auburn Custom Millwork, Inc., 148 AD3d at 1529 [internal quotation marks omitted]; see Romilly v RMF Prods., LLC, 106 AD3d 1465, 1466 [4th Dept 2013]; Morales v Asarese Matters Community Ctr. [appeal No. 2], 103 AD3d 1262, 1264 [4th Dept 2013], lv dismissed 21 NY3d 1033 [2013]).
Plaintiff also contends that it is entitled to summary judgment on its breach of contract cause of action because 30 days had not passed after the commencement of demolition, and thus, regardless of which interpretation of the payment clause is used, none of the possible triggering events had occurred. We reject that contention, however, because the evidence submitted by plaintiff raises an issue of fact whether the work that plaintiff performed on the project over 30 days before defendants terminated the contract constituted "demolition" as contemplated by the payment clause. Contrary to plaintiff's further contention, defendants did not breach the agreement by failing to afford plaintiff an opportunity to cure prior to defendants' termination of the agreement, because the agreement does not contain a provision requiring that defendants give plaintiff an opportunity to cure a failure to make a timely installment payment (see generally Awards.com, LLC v Kinko's, Inc., 14 NY3d 791, 793 [2010]; Nader & Sons, LLC v Hazak Assoc. LLC, 149 AD3d 503, 505 [1st Dept 2017]).
For similar reasons, however, we agree with plaintiff that the court erred in sua sponte searching the record and granting defendants summary judgment dismissing plaintiff's breach of contract cause of action and with respect to liability on defendants' first counterclaim. We therefore modify the order accordingly. As discussed above, the payment clause is ambiguous, and the record does not establish that the construction favored by defendants is the only construction that can be fairly placed on that clause (see generally Auburn Custom Millwork, Inc., 148 AD3d at 1529; Romilly, 106 AD3d at 1466; Morales, 103 AD3d at 1264). Further, there is a question of fact whether 30 days had passed after the commencement of demolition as contemplated by the payment clause, and thus there is an issue of fact whether any of the possible three triggering events described within the payment clause had occurred.
Lastly, contrary to plaintiff's contention, the court properly denied that part of plaintiff's cross motion seeking to hold defendants in contempt for violating the order granting plaintiff preliminary injunctive relief. That order did not provide a clear and unequivocal mandate prohibiting the specific conduct that plaintiff alleges was performed by defendants (see generally Dotzler v Buono, 144 AD3d 1512, 1513-1514 [4th Dept 2016]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court