Matter of Niagara Falls Redevelopment, LLC v City of Niagara Falls (2023 NY Slip Op 04050)

Matter of Niagara Falls Redevelopment, LLC v City of Niagara Falls

2023 NY Slip Op 04050

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

505 OP 23-00057

[*1]IN THE MATTER OF NIAGARA FALLS REDEVELOPMENT, LLC, AND BLUE APPLE PROPERTIES INC., PETITIONERS,
T
v
HE CITY OF NIAGARA FALLS, RESPONDENT. 

HARTER SECREST & EMERY LLP, BUFFALO (JOHN G. HORN OF COUNSEL), FOR PETITIONERS. 
HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul the determination of respondent authorizing the condemnation of certain real property. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioners commenced this original proceeding pursuant to EDPL 207 seeking to annul the determination of respondent, City of Niagara Falls (City), authorizing the condemnation of property owned by petitioners for the development of a park and associated recreational facilities. The City held public hearings on June 29 and September 6, 2022, and, on November 22, 2022, it adopted its resolution authorizing the acquisition. The City published its brief synopsis of its determination and findings as required by EDPL 204 (A) on December 7, 2022.
The power of eminent domain—i.e., "[t]he right to take private property for public use"—"is an inherent and unlimited attribute of sovereignty whose exercise may be governed by the [l]egislature within constitutional limitations and by the [l]egislature within its power delegated to municipalities" (Matter of Mazzone, 281 NY 139, 146-147 [1939], rearg denied 281 NY 671 [1939]). Thus, in the context of an eminent domain proceeding, the courts have recognized "the structural limitations upon our review of what is essentially a legislative prerogative" (Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 526 [2009], rearg denied 14 NY3d 756 [2010]). Consistent with that limited scope of review, there also is a "longstanding policy of deference to legislative judgments in this field" (Kelo v New London, 545 US 469, 480 [2005]; see Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 262 [2010]). Thus, a reasonable difference of opinion between the judiciary and the legislative body lawfully exercising the State's eminent domain power—in this case the City—is an insufficient predicate for the courts to supplant what is essentially a legislative determination (see Goldstein, 13 NY3d at 526). Ultimately, "a court may only substitute its own judgment for that of the legislative body [exercising the eminent domain power] when such judgment is irrational or baseless" (Kaur, 15 NY3d at 254).
Pursuant to EDPL 207 (C), this Court "shall either confirm or reject the condemnor's determination and findings." Our scope of review is limited to "whether (1) the proceeding was constitutionally sound; (2) the condemnor had the requisite authority; (3) its determination complied with[, inter alia,] EDPL article 2; and (4) the acquisition will serve a public use" (Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 546 [2006]; see EDPL 207 [C]; Matter of Syracuse Univ. v Project Orange Assoc. Servs. Corp., 71 AD3d 1432, 1433 [4th Dept 2010], appeal dismissed & lv denied 14 NY3d 924 [2010]). More specifically, "[t]he [*2]burden is on the party challenging the condemnation to establish that the determination was without foundation and baseless" (Matter of Butler v Onondaga County Legislature, 39 AD3d 1271, 1271 [4th Dept 2007] [internal quotation marks omitted]; see Matter of GM Components Holdings, LLC v Town of Lockport Indus. Dev. Agency, 112 AD3d 1351, 1352 [4th Dept 2013], appeal dismissed 22 NY3d 1165 [2014], lv denied 23 NY3d 905 [2014]). "If an adequate basis for a determination is shown and the objector cannot show that the determination was without foundation, the . . . determination should be confirmed" (Matter of Waldo's, Inc. v Village of Johnson City, 74 NY2d 718, 720 [1989] [internal quotation marks omitted]; see Butler, 39 AD3d at 1271-1272).
Initially, we reject petitioners' contention that the condemnation at issue will not serve a public use, benefit or purpose (see EDPL 207 [C] [4]). "What qualifies as a public purpose or public use is broadly defined as encompassing virtually any project that may confer upon the public a benefit, utility, or advantage" (Syracuse Univ., 71 AD3d at 1433 [4th Dept 2010] [internal quotation marks omitted]; see Matter of Byrne v New York State Off. of Parks, Recreation & Historic Preserv., 101 AD2d 701, 702 [4th Dept 1984]; see also Matter of PSC, LLC v City of Albany Indus. Dev. Agency, 200 AD3d 1282, 1285 [3d Dept 2021], lv denied 38 NY3d 909 [2022]). Here, the City's condemnation of the property serves the public uses of, inter alia, developing parkland and other recreational space (see County of Monroe v Morgan, 83 AD2d 777, 778 [4th Dept 1981]; see generally Matter of United Ref. Co. of Pa. v Town of Amherst, 173 AD3d 1810, 1811 [4th Dept 2019], lv denied 34 NY3d 913 [2020]; Matter of Pfohl v Village of Sylvan Beach, 26 AD3d 820, 821 [4th Dept 2006]) and revitalizing and redeveloping a longstanding vacant lot, which was a blight on the City (see Matter of Court St. Dev. Project, LLC v Utica Urban Renewal Agency, 188 AD3d 1601, 1602-1603 [4th Dept 2020]; GM Components Holdings, LLC, 112 AD3d at 1351-1352). We therefore conclude that the City's determination to exercise its eminent domain power "is rationally related to a conceivable public purpose" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 425 [1986] [internal quotation marks omitted]; see Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency, 301 AD2d 292, 303 [4th Dept 2002], lv denied 99 NY2d 508 [2003]).
We reject petitioners' contentions that the determination should be annulled because the City has failed to establish how it plans to pay for the project and because it failed to conduct a market study as required by the City's comprehensive plan, inasmuch as those contentions do not fall within the limited scope of this Court's statutory review (see EDPL 207 [C]; see generally Grand Lafayette Props. LLC, 6 NY3d at 546). Petitioners further contend that the determination must be annulled because it purportedly does not comply with the City's comprehensive plan to the extent it sets forth a predetermined public use of the property involving petitioners. We reject that contention inasmuch as the comprehensive plan—even assuming that the relevant parts thereof remain in effect—could not bind a future City council to act in accordance therewith (see Freeman v Lamb, 33 AD2d 331, 333 [4th Dept 1970], appeal dismissed 26 NY2d 612 [1970]; Edsall v Wheler, 29 AD2d 622, 622-623 [4th Dept 1967]). In any event, the provisions of the City's comprehensive plan contemplating future development of the property with petitioners amounted to, at most, an unenforceable agreement to agree (see Anderson v Kernan, 133 AD3d 1234, 1235 [4th Dept 2015]; see generally Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109-110 [1981]).
We reject petitioners' further contention that the condemnation was excessive. "[T]he condemnor has broad discretion in deciding what land is necessary to fulfill [its] purpose" (Matter of Eisenhauer v County of Jefferson, 122 AD3d 1312, 1313 [4th Dept 2014] [internal quotation marks omitted]). We perceive no abuse or improvident exercise of discretion by the City in determining the scope of the taking (see United Ref. Co. of Pa., 173 AD3d at 1811-1812).
Petitioners further contend that the determination must be annulled because the City failed to adequately describe the property in accordance with EDPL article 2. We reject that contention. EDPL 202 (A) requires the condemnor, in supplying notice to petitioners and the public, to state the "proposed location of the public project" (see also EDPL 203). Additionally, in issuing its determination, a condemnor is merely required to specify "the approximate location for the proposed public project" (EDPL 204 [B] [2]; see Matter of Wechsler v New York State Dept. of Envtl. Conservation, 76 NY2d 923, 927 [1990]). Here, we conclude that the City's identification of the tax parcel numbers and street addresses of the property was sufficient to comply with the notice requirements of the EDPL (see Court St. Dev. Project, LLC, 188 AD3d at [*3]1604), despite the fluctuating acreage stated in the public document (see Greenwich Assoc. v Metropolitan Transp. Auth., 152 AD2d 216, 218, 220 [1st Dept 1989], appeal dismissed sub nom. Matter of Regency-Lexington Partners v Metropolitan Transp. Auth., 75 NY2d 865 [1990]). Here, "there is no indication in the minutes of the public hearing[s] that petitioner[s] [were] somehow uncertain about the scope of the proposed acquisition" (Matter of Tadasky Corp. v Village of Ellenville, 45 AD3d 1131, 1132 [3d Dept 2007]).
Finally, we reject petitioners' contention that the City's failure to publish a synopsis of its determination and findings within 90 days of the public hearing, in violation of EDPL 204 (A), requires this Court to annul the determination. EDPL 204 (A) provides that the condemnor, "within [90] days after the conclusion of the public hearings held pursuant to this article, shall make its determination and findings concerning the proposed public project and shall publish a brief synopsis of such determination and findings in at least two successive issues of an official newspaper if there is one designated in the locality where the project will be situated and in at least two successive issues of a newspaper of general circulation in such locality." We agree with petitioners that the City's publication of the synopsis here was untimely because it was not made within 90 days following the hearing (cf. Wechsler, 76 NY2d at 927; Matter of Ranauro v Town of Owasco, 289 AD2d 1089, 1090 [4th Dept 2001]; Matter of Legal Aid Socy. of Schenectady County v City of Schenectady, 78 AD2d 933, 933-934 [3d Dept 1980]). Specifically, the City's initial publication of the synopsis occurred one day after the expiration of EDPL 204 (A)'s 90-day deadline. Nonetheless, we agree with the City that petitioners were not prejudiced by the one-day delay—and petitioners do not contend otherwise—and therefore, under the circumstances, we conclude that the error does not require this Court to annul the determination (see Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d 676, 677-678 [2d Dept 2020]; Tadasky Corp., 45 AD3d at 1132; see also Green v Oneida-Madison Elec. Coop., 134 AD2d 897, 898 [4th Dept 1987]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court