OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs, by dismissing the complaint.
The Appellate Division’s decision to deny declaratory relief with respect to the plaintiffs’ contention that the statute is unconstitutional as applied is apparently not contested on this appeal. In any event the Legislature has provided that a declaratory judgment is a discretionary remedy (CPLR 3001), and it cannot be said that the Appellate Division abused its discretion in this instance (cf. W. T. Wang, Inc. v New York State Dept. of Taxation & Fin., 58 NY2d 1021). As the court noted, any objections the plaintiffs may have to the application of the regulation in a particular case may be considered in the normal course in the context of that litigation.
*783 Indeed having reached that conclusion the court should also have dismissed the complaint to the extent the plaintiffs challenge the facial validity of the regulation. The plaintiffs concede that the basis for seeking this relief is their status as litigants in pending cases. In essence then they are attempting to review a ruling or prospective ruling in pending litigation, thus circumventing the normal appellate process. A declaratory judgment action cannot be employed to avoid the restrictions applicable to the particular litigation in which the challenged rule or ruling is pertinent (Mundy v Nassau County Civ. Serv. Comm., 44 NY2d 352). Exceptions may be recognized when the party seeking a declaratory ruling would otherwise have no right to appeal (see, e.g., Matter of Morgenthau v Erlbaum, 59 NY2d 143, 152, where we held: “Inasmuch as a defendant always has available a right to appeal, only an application for declaratory relief by the People should be entertained”). But that is not the case here.
Judges Jasen, Jones, Wachtler, Simons and Kaye concur; Chief Judge Cooke and Judge Meyer taking no part.
Order modified, with costs to respondent, in accordance with the memorandum herein and, as so modified, affirmed.