■ NANCY RODRIGUEZ, on Behalf of Herself and All Others Similarly Situated, Appellant, v CITY COURT OF THE CITY OF YONKERS, Respondent.—In an action, *inter alia,* for a judgment declaring that the policy of the City Court of the City of Yonkers of requiring rental arrears to be deposited with the court before a trial will be allowed in a nonpayment proceeding on a warranty of habitability defense violated her rights under Real Property Law § 235-b, RPAPL 745 and the Due Process and Equal Protection Clauses of the New York State and Federal Constitutions, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Martin, J.), dated August 20, 1986, which dismissed her complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

Upon a review of the record, we find that this case cannot be maintained as an action for a declaratory judgment. It has long been the policy of this State that a declaratory judgment action cannot be used to circumvent the normal appellate process *(Bower & Gardner v Evans,* 60 NY2d 781; *Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352) and should only lie to declare rights before a "wrong" occurs, not to launch a collateral attack with respect to pending litigation *(Klostermann v Cuomo,* 61 NY2d 525; *Matter of Morgenthau v Erlbaum,* 59 NY2d 143, *cert denied* 464 US 993; *New York Pub. Interest Research Group v Carey,* 42 NY2d 527). The plaintiff here could have moved to vacate her default in a summary eviction proceeding pending against her, and could have appealed from a denial of such a motion, and thus could have adequately addressed the issues presented in this action. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.