■ In the Matter or RICHARD A. RAY, Respondent, v JULIE M. WOODMAN, Appellant. [664 NYS2d 378] —White, J. Appeals from three orders of the Family Court of Otsego County (Coccoma, J.), entered April 4, 1996, which, *inter alia*, partially granted petitioner's applications, in a proceeding pursuant to Family Court Act article 6, to find respondent in willful violation of a prior relocation order.

Predicated upon the parties' stipulation, Family Court

entered an order on September 8, 1995 directing respondent not to relocate her residence from a certain address in Oneida County and not to disenroll the parties' child from the school he was attending without further order of the court. On September 18, 1995, petitioner filed a violation petition, claiming that respondent had moved in disregard of Family Court's order. After an evidentiary hearing, Family Court found that respondent had disobeyed its order by relocating her residence and changing the child's school without first obtaining a court order. Family Court then proceeded to hold respondent in civil contempt and directed her to perform 200 hours of community service. Respondent appeals.*

While the record reveals that respondent willfully violated Family Court's clear and explicit order, we cannot sustain its contempt finding since petitioner did not show that respondent's conduct defeated, impaired, impeded or prejudiced his rights since the one period of visitation he missed was attributable to the child's hospitalization (see, McCain v Dinkins, 84 NY2d 216, 226; Matter of Hoglund v Hoglund, 234 AD2d 794; compare, Matter of Beers v Beers, 220 AD2d 839, 842). Accordingly, we reverse.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order finding respondent in contempt is reversed, on the law and the facts, without costs, and petition dismissed. Ordered that the appeals from the remaining two orders are dismissed, as abandoned, without costs.

---

* Family Court also issued two orders defining the parties' rights and responsibilities respecting the child. Respondent has not pursued her appeals of these orders and her attorney has filed an affidavit in which he avers there are no nonfrivolous issues that may be raised on respondent's appeal. Thus, we deem these appeals abandoned (see, Richardson v Richardson, 186 AD2d 946, 947).