■ In the Matter of RONNIE WADE, Appellant, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents. [734 NYS2d 256] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered November 8, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 4, to hold respondents in civil contempt.

Following the denial of his request for release to parole supervision, petitioner commenced a CPLR article 78 proceeding in which he alleged, *inter alia*, that the denial of his request was predetermined. In an amended judgment dated April 12, 2000, Supreme Court (Keegan, J.) granted the petition to the extent that the Parole Board's determination was annulled and the matter was remitted to the Division of Parole for a de novo hearing before a different panel to be held within 60 days. Shortly after the 60 days elapsed with no new hearing, petitioner commenced this separate special proceeding to hold

respondents in civil contempt for failing to comply with the amended judgment. Supreme Court dismissed the petition, prompting this appeal by petitioner.

We affirm. "A civil contempt is one where the rights of an individual have been harmed by the contemnor's failure to obey a court order * * *. Any penalty imposed is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate or both" (*Matter of Department of Envtl. Protection v Department of Envtl. Conservation*, 70 NY2d 233, 239 [citations omitted]). Accordingly, in order to sustain a finding of civil contempt, "it must be established that the rights of a party to the litigation have been prejudiced" (*id.*, at 239-240).

In this case, the record demonstrates that, upon discovering that a de novo hearing had not been scheduled within the 60-day period specified in the judgment, which expired on or about June 12, 2000, parole officials added petitioner to the July 2000 interview calendar but petitioner refused to attend. The matter was rescheduled for August 2000, which petitioner attended. Parole was denied and petitioner's next appearance date was scheduled for January 2001, which is two years after the initial parole denial that resulted in the judgment directing a de novo hearing. In these circumstances, we see no prejudice to petitioner's rights as established by the judgment. Petitioner received the de novo hearing directed by the judgment and the brief delay in the scheduling of the hearing did not have any adverse impact on petitioner.

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.