■ Town of Lloyd, Respondent, v Vito Moreno et al., Defendants and Poughkeepsie-Highland Railroad Bridge Company, Inc., Appellant. [746 NYS2d 105] —Rose, J.

Defendant Poughkeepsie-Highland Railroad Bridge Company, Inc. (hereinafter defendant) is a not-for-profit corporation formed in 1992 for the purpose of utilizing the abandoned Poughkeepsie-Highland Railroad Bridge (hereinafter the bridge), which crosses the Hudson River between the Town of Lloyd, Ulster County, and the City of Poughkeepsie, Dutchess

County, for public recreational and educational purposes. In June 1994, after completing some renovations, defendant opened the bridge to the public for walking tours. In 1996, plaintiff commenced this action against defendant seeking, inter alia, a permanent injunction restraining defendant from making such use of the bridge without first obtaining site plan approval, a special use permit and a certificate of occupancy as required by plaintiff's zoning ordinance. In 1997, Supreme Court granted plaintiff's motion for a preliminary injunction restraining defendant and its employees from "using, occupying, or permitting the use or occupancy of that portion of the [bridge] which is situate in the County of Ulster, Town of Lloyd" until either the conclusion of the action or defendant obtained the necessary approvals. Thereafter, defendant closed the bridge to the public, but continued to maintain and repair it. In April 2000, a volunteer worker suffered electric shock injuries while installing navigation lights on the bridge, prompting plaintiff to move to have defendant held in contempt.* In its decision, Supreme Court found defendant to be in contempt and assessed a fine of $250. In its separate order, the court also granted plaintiff summary judgment on its underlying action for a permanent injunction. Defendant appeals.

Finding merit in defendant's argument that Supreme Court erred in holding it in contempt because the preliminary injunction did not clearly and unequivocally prohibit it from performing maintenance or repairs to the bridge, and because plaintiff failed to show the required prejudice arising from defendant's actions, we reverse. "To establish civil contempt * * * [the moving party] must prove, to a reasonable degree of certainty, that [the party charged] violated a lawful and *unequivocal* court order of which [it] had knowledge and, in doing so, [it] 'defeated, impaired, impeded, or prejudiced' [the moving party's] rights" (*Matter of Augat v Hart*, 244 AD2d 800, 802 [emphasis supplied], quoting Judiciary Law § 752 [A]; *see, Dwyer v De La Torre*, 279 AD2d 854, 855).

That the preliminary injunction issued here was equivocal is amply demonstrated by the April 1997 correspondence between the parties' counsel and Supreme Court regarding the issue of whether the implementing order proposed by plaintiff "would arguably prohibit repairs, inspection, or allowing necessary

---

* Although plaintiff's motion papers fail to identify whether civil or criminal contempt was sought, plaintiff asserts on appeal that its application was for civil contempt and we will deem this a concession that criminal contempt was neither requested nor proven.

work on the bridge." Although plaintiff's counsel responded that its order "would in no way prohibit necessary and approved repairs, inspections and work on the bridge," Supreme Court issued plaintiff's order with no clarification as to whether it would prohibit or permit repairs. Read instead in the context of the court's 1997 decision granting plaintiff's motion for a preliminary injunction, which recited that "plaintiff * * * seeks a preliminary injunction preventing defendant * * * from conducting walking tours of the * * * [b]ridge * * * until defendant has obtained all necessary approvals from [plaintiff] * * * to conduct this activity," the injunction is more reasonably interpreted as only prohibiting public access to the bridge or, at the most, other activities of defendant for which approval would be required under plaintiff's zoning ordinance. There being no evidence that defendant's activities were of such a nature, plaintiff failed to meet its burden of proving that defendant violated a clear and unequivocal mandate of the court.

Plaintiff also failed to show the prejudice necessary to sustain a finding of civil contempt. Although Supreme Court found that plaintiff was prejudiced because defendant's activities resulted in at least one civil lawsuit against plaintiff, there is no evidence in the record to support this finding. Supreme Court also speculated that plaintiff "may" be exposed to monetary liability due to injuries resulting from defendant's activities as a result of plaintiff's failure to enforce its zoning laws. It is, however, well settled that " '[a]bsent a special relationship creating a municipal duty to exercise care for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation' " (*Pearlman v Simons*, 276 AD2d 762, 763-764, quoting *Sanchez v Village of Liberty*, 42 NY2d 876, 877-878).

Supreme Court also erred in converting plaintiff's contempt motion to one for summary judgment without affording adequate notice. It is well settled that "[a] court may not, on its own initiative, convert a motion * * * into one for summary judgment without giving adequate notice to the parties and affording the parties an opportunity to lay bare their proof" (*Ratner v Steinberg*, 259 AD2d 744, 744; *see, Mihlovan v Grozavu*, 72 NY2d 506, 508). The parties here did not request summary judgment, did not chart a summary judgment course, and neither party refined, focused or briefed pertinent legal issues. Defendant also correctly argues that the permanent injunction purporting to prohibit it from engaging in any and all activities both on the bridge and on the land beneath it on both sides of the Hudson River was improper because it exceeded the relief

sought in the original application and was not requested in connection with the contempt motion. The record indicates that such claims were not fully briefed, argued or even decided by Supreme Court. Plaintiff's motion and the attorney's affidavit submitted therewith requested only that defendant be held in contempt and mentioned neither summary judgment nor a permanent injunction. While it is true that requests for a permanent injunction were made in supporting affidavits to the motion and in a later reply affidavit, we note that plaintiff's counsel also reiterated in its reply papers that "[t]his is a motion for contempt." Since defendant clearly responded to plaintiff's motion only as one for contempt, there is no basis to conclude that the parties intended to chart a summary judgment course.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, and motion denied.