■ JEFFREY S. ALTBACH, Respondent, v FRANCISZEK C. KULON, Appellant. [754 NYS2d 709] —Rose, J. Appeals (1) from an order of the Supreme Court (Kane, J.), entered June 28, 2002 in Sullivan County, which, inter alia, modified the terms of a preliminary injunction, and (2) from an order of said court, entered July 29, 2002 in Sullivan County, which found defendant in contempt of court.

In the spring of 2000, defendant, an artist, created an oil painting that caricatured plaintiff, who is a Town Justice for the Town of Liberty, Sullivan County, as well as a lawyer in private practice, by portraying him as a devil with horns and a tail. Then, to promote the opening of his art studio and gallery, defendant distributed flyers that prominently displayed the painting along with its title, "Our Honorable Judge of Liberty," the artist's name, and, positioned below the painting, a small reproduction of plaintiff's photograph taken from his yellow pages advertisement for his law office. Some of the flyers also

included a small reproduction of the entire yellow pages advertisement, including the photograph. Both the painting and the photograph pictured plaintiff with the same facial expression, wearing the same necktie and with his left hand held up to the left side of his face. In December 2000, plaintiff commenced this action, initially asserting a defamation claim, and obtained a preliminary injunction barring defendant from displaying or distributing the painting or any other depiction of plaintiff during the action's pendency. In 2001, defendant moved for summary judgment dismissing the defamation cause of action, and plaintiff cross-moved to amend the complaint by adding a cause of action under Civil Rights Law §§ 50 and 51 (hereinafter the privacy claim).[1] Supreme Court permitted the amendment, granted defendant summary judgment dismissing plaintiff's defamation cause of action, denied defendant's motion to the extent that the court viewed it as also seeking dismissal of plaintiff's privacy claim, and left the preliminary injunction in place.

In early 2002, defendant publicized the painting by offering it for sale on the Internet. In response, plaintiff applied to have defendant held in civil contempt (*see* Judiciary Law § 753 [A] [3]). When defendant posed with the painting for a photograph that was then featured on the front page of the local newspaper, Supreme Court, sua sponte, issued an order directing defendant to show cause why he should not also be held in criminal contempt (*see* Judiciary Law § 750 [A] [3]). Defendant then moved for summary judgment on plaintiff's privacy claim and for vacatur of the injunction. In denying defendant's motion, Supreme Court found both that the motion was an impermissible second application for summary judgment and that defendant's use of the painting, but not of plaintiff's photograph, was an artistic expression outside the scope of Civil Rights Law §§ 50 and 51. Based on this view of the painting, Supreme Court also modified the preliminary injunction to permit defendant to disseminate any painting, parody or caricature of plaintiff for any purpose. Then, after a hearing on the contempt motions, Supreme Court held defendant, who unsuccessfully claimed that he had not understood the injunction, in contempt for willfully violating the original injunction and prejudicing plaintiff's rights. The court imposed a fine of

**1.** These sections, respectively, make it a misdemeanor, and confer the right to maintain an equitable action for injunctive and monetary relief, where a person's name, portrait or picture is used for advertising or other commercial purpose without the person's prior written consent (*see Cohen v Herbal Concepts*, 63 NY2d 379, 383).

$3,850 for the civil contempt and $500 for the criminal contempt. Defendant now appeals.

Initially, we are persuaded that Supreme Court erred in denying defendant's 2002 motion for summary judgment dismissing plaintiff's privacy claim because, as with the painting alone, the publication of the painting with a copy of plaintiff's photograph constitutes a caricature and parody that are exempt from the provisions of the Civil Rights Law. Given the circumstances here, defendant's failure to appeal Supreme Court's previous denial of a motion which the court deemed to be for summary judgment as to the privacy claim does not preclude our review.

Despite Supreme Court's comment that defendant's first motion for summary judgment "clearly addressed, prematurely perhaps," plaintiff's privacy claim, there is nothing in the record reflecting that defendant explicitly or implicitly moved for dismissal of plaintiff's newly-added privacy claim prior to his second motion for summary judgment. Defendant's moving papers mention Civil Rights Law §§ 50 and 51 only incidentally in connection with his counsel's description of the holding in *Messenger v Gruner + Jahr Print. & Publ.* (94 NY2d 436), and no attempt was made to apply that holding to a potential privacy claim by plaintiff. After plaintiff cross-moved to add such a claim, defendant filed no responding papers other than an amended answer, neither party charted a course seeking summary judgment on that claim, and Supreme Court failed to notify the parties that it was also treating defendant's motion as one for dismissal of the complaint as amended (*see Town of Lloyd v Moreno*, 297 AD2d 403, 405; *Lewis v Di Donna*, 294 AD2d 799, 800). In any event, Supreme Court revisited the issue and reviewed the merits of plaintiff's privacy claim in its decision on defendant's second motion. Moreover, while then purporting to deny defendant's second motion, Supreme Court effectively granted it in part by holding that the painting and its use in defendant's flyers fell outside the scope of the Civil Rights Law, and limited the preliminary injunction accordingly. Thus, we find that Supreme Court's denial of defendant's second motion is reviewable on the merits.

Upon such review, we conclude that Supreme Court correctly found that the painting and its publication in defendant's flyers are artistic expressions—specifically a caricature and parody of plaintiff in his public role as a town justice—that are entitled to protection under the First Amendment and excepted from New York's privacy protections (*see Davis v High Socy. Mag.*, 90 AD2d 374, 382, *appeal dismissed* 58 NY2d 1115;

*University of Notre Dame Du Lac v Twentieth Century-Fox Film Corp.*, 22 AD2d 452, *affd on op below* 15 NY2d 940). The Court of Appeals has "repeatedly observed that the prohibitions of Civil Rights Law §§ 50 and 51 are to be strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a living person. These statutory provisions prohibit the use of pictures, names or portraits 'for advertising purposes or for the purposes of trade' *only*, and nothing more" (*Finger v Omni Publs. Intl.*, 77 NY2d 138, 141, quoting *Arrington v New York Times Co.*, 55 NY2d 433, 439 [emphasis in original]). In addition to the so-called "newsworthiness" exception (*see id.*; *Messenger v Gruner + Jahr Print. & Publ.*, *supra*), which is inapplicable here, there is a well-recognized exception for works of art and "advertising that is undertaken in connection with a use protected by the First Amendment" (*Hoepker v Kruger*, 200 F Supp 2d 340, 350 [SD NY]; *see Davis v High Socy. Mag.*, *supra*). In this action, defendant does not dispute that plaintiff's name and picture were used in advertising flyers without his consent, and plaintiff now does not dispute that the painting and its use in defendant's flyers are, as Supreme Court found, exempt from the proscriptions of the Civil Rights Law.[2] Thus, the sole issue remaining as to plaintiff's privacy claim is whether Supreme Court erred in finding that the publication in defendant's flyers of plaintiff's name and photograph in conjunction with the painting is not exempt as part of, or ancillary to, an artistic expression.

Since defendant's flyers identified plaintiff as the subject of the caricature and cannot reasonably be read to assert that plaintiff endorsed or recommended either the painting or defendant's gallery, we find that Supreme Court's reasoning concerning the flyers' use of the painting leads inexorably to the conclusion that their use of his name and photograph also is exempt from the proscriptions of Civil Rights Law §§ 50 and 51. We find that the similarity of poses between the photograph and the painting, together with the content of the advertising copy identifying plaintiff as an experienced attorney, attest to the accuracy of defendant's portrayal of plaintiff's face and posture, while emphasizing that the painting is a caricature and parody of the public image presented in plaintiff's own advertisement. As a result, the photograph's use can readily be viewed as ancillary to a protected artistic expression because it " 'prove[s] [the] worth and illustrate[s] [the] content' " of the painting exhibited at defendant's gallery (*Groden v Random*

---

2. Plaintiff took no cross appeal from Supreme Court's ruling.

*House, Inc.*, 61 F3d 1045, 1049, quoting *Booth v Curtis Publ. Co.*, 15 AD2d 343, 349, *affd* 11 NY2d 907; *see New York Mag., Div. of Primedia Mags., Inc. v Metropolitan Tr. Auth.*, 987 F Supp 254, 267, *affd in part, vacated in part* 136 F3d 123, *cert denied* 525 US 824; *accord Hoepker v Kruger, supra* at 351). Thus, it is part and parcel of the parody, and Supreme Court erred in preserving plaintiff's privacy claim and modifying, rather than vacating, the preliminary injunction.

As to the derivative contempt proceedings, we first note that reversal of Supreme Court's order and vacatur of the injunction do not automatically mandate reversal of its findings of contempt (*see Gardner v Carson*, 295 AD2d 709, 709-710). The record amply supports Supreme Court's conclusion that the terms and restrictions of the injunction were effectively communicated to, and recognized by, defendant. There also can be no dispute that defendant's conduct in publicizing the painting violated the original injunction. Accordingly, we find that Supreme Court properly found defendant to be in criminal contempt and imposed a suitable fine.

As to the civil contempt, however, we reach a different conclusion. While the disobedience of an unequivocal judicial mandate need not be willful to be punishable under Judiciary Law § 753 (A), the offending conduct must prejudice the rights of another party since the penalty imposed is to serve more as compensation than punishment (*see Matter of McCormick v Axelrod*, 59 NY2d 574, 582-583, *amended* 60 NY2d 652; *Matter of Wade v Pataki*, 288 AD2d 788, 789; *State of New York v Congress of Racial Equality [C.O.R.E.]*, 92 AD2d 815, 817). Supreme Court's finding of civil contempt here must be reversed inasmuch as the record does not support a finding that defendant's conduct "defeated, impaired, impeded or prejudiced" a right of plaintiff (Judiciary Law § 753 [A]; *see Matter of Ray v Woodman*, 244 AD2d 716, 717). As discussed above, plaintiff had no protected privacy right regarding defendant's use of the painting, name or photograph of plaintiff. As a result, Supreme Court's finding of prejudice cannot be sustained, and we are constrained to reverse the order imposing a fine comprising substantial amounts for costs and counsel fees.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order entered June 28, 2002 is reversed, on the law, without costs, defendant's motion for summary judgment dismissing the privacy claim granted and preliminary injunction vacated. Ordered that the order entered July 29, 2002 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for civil contempt; said motion denied; and, as so modified, affirmed.