■ In the Matter of CARL H. DOBOZIN, ESQ., Petitioner, v RONALD H. TILLS, Respondent. [775 NYS2d 736]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to review the determinations of respondent adjudicating petitioner in contempt of court and imposing two fines.

It is hereby ordered that the determinations be and the same hereby are unanimously annulled on the law without costs and the petition is granted.

Memorandum: Petitioner commenced this original CPLR article 78 proceeding pursuant to Judiciary Law § 755 challenging respondent's determination, initially made orally on September 23, 2003 and later embodied in a written order granted November 5, 2003, summarily adjudicating petitioner, an attorney appearing before respondent as defense counsel in a criminal case, in contempt of court and imposing a fine of $100 against him for petitioner's failure to call witnesses in the case immediately, as directed by respondent. Petitioner also challenges a subsequent determination, orally made on October 9, 2003 and never embodied in a written order, imposing an additional fine of $250 upon petitioner for his failure to pay the initial $100 fine within one week, as orally directed by respondent.

The initial summary contempt adjudication was not warranted under the circumstances of this case. Petitioner's conduct did not constitute "[d]isorderly, contemptuous, or insolent behavior," nor did it disrupt or threaten to disrupt the judicial proceedings or impair the respect due to the court (Judiciary Law § 750 [A] [1]; *see Matter of Brunetti v Gary,* 300 AD2d 583 [2002]; *Matter of Godosky v LaTorella,* 258 AD2d 461 [1999]; *Matter of Doyle v Aison,* 216 AD2d 634, 636 [1995], *lv denied* 87 NY2d 807 [1996]). With regard to the subsequent adjudication of contempt and imposition of an additional $250 fine, we conclude that petitioner did not evince a "[w]ilful disobedience" or "[r]esistance wilfully offered" to a "lawful mandate" of the court (§ 750 [A] [3], [4]). We therefore annul the determinations and grant the petition (*see Brunetti,* 300 AD2d 583 [2002]; *Matter of Loeber v Teresi,* 256 AD2d 747, 749-750 [1998]). Present—Green, J.P., Pine, Kehoe, Gorski and Hayes, JJ.