# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1530**

**CA 09-02324**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF THE ADMINISTRATION OF THE
ESTATE OF CAROL PETOTE, DECEASED.
---------------------------------------      MEMORANDUM AND ORDER
KAREN M. PETOTE, PETITIONER-APPELLANT;

THOMAS CHICHESTER, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-APPELLANT.

MICHAEL A. ROSENHOUSE, ROCHESTER, FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Surrogate's Court, Monroe County
(Edmund A. Calvaruso, S.), entered January 7, 2009. The order, among
other things, denied the petition to grant letters of administration
to petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the fees awarded to the
Public Administrator and the attorney's fees awarded to the attorney
for respondent and as modified the order is affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to be
appointed administrator of the estate of her sister (decedent). The
petition was opposed by respondent, who alleged that he was married to
decedent and thus had priority over petitioner with respect to the
granting of letters of administration (*see* SCPA 1001 [1] [a]). In
appeal No. 1, petitioner appeals from an order entered following an
evidentiary hearing that denied the petition and awarded respondent
"costs for fees charged by [the Public Administrator] and
[respondent's attorney] for the time spent in the hearing . . . ."
Surrogate's Court determined, inter alia, that respondent was in fact
married to decedent at the time of her death. In appeal No. 2,
petitioner appeals from an order awarding attorneys' fees to the
attorney for respondent in the amount of $3,000.

With respect to the order in appeal No. 1, petitioner contends
that the Surrogate erred in admitting in evidence a marriage
certificate from the State of California indicating that respondent
and decedent were married on December 29, 2001, approximately 4½ years
before decedent died. According to petitioner, the marriage
certificate was not properly authenticated pursuant to CPLR 4540.
That contention is not preserved for our review, inasmuch as
petitioner did not object to the marriage certificate at the hearing

and did not challenge its authenticity at that time (*see generally Matter of Elijah P.*, 76 AD3d 631, 632, *lv denied* 15 NY3d 712; *Taitt v Snelling* [appeal No. 2], 74 AD3d 1827). We note that petitioner does not contend that the marriage certificate is unauthentic, i.e., not a true and accurate copy of the certificate on file in the Orange County Clerk's Office in California. Rather, petitioner contends that decedent's purported signature on the certificate is a forgery. Even assuming, arguendo, that decedent's signature is a forgery, we conclude that the forged signature does not have any bearing on the marriage certificate's authenticity. We also note that the Surrogate obtained a copy of the marriage certificate directly from the Orange County Clerk's Office in California pursuant to judicial subpoena and that the marriage certificate was identical to the one proffered by respondent. We thus perceive no reason to address petitioner's contention as a matter of discretion in the interest of justice.

Petitioner further contends in appeal No. 1 that the Surrogate imposed an unduly high burden of proof upon her to rebut the marriage presumption. We disagree. "An extremely strong presumption of validity arises from . . . a ceremonial marriage" (*Matter of Esmond v Lyons Bar & Grill*, 26 AD2d 884, 884), regardless whether the marriage is performed in the State of New York (*see Fisher v Fisher*, 250 NY 313, 317; *Esmond*, 26 AD2d 884). "[T]he well-settled marriage recognition rule 'recognizes as valid a marriage considered valid in the place where celebrated' " (*Lewis v New York State Dept. of Civ. Serv.*, 60 AD3d 216, 219, *affd* 13 NY3d 358, quoting *Van Voorhis v Brintnall*, 86 NY 18, 25). Once respondent produced a facially valid marriage certificate, petitioner, as "a stranger to the marriage relationship[, had] a heavy burden to establish its invalidity" (*Matter of Meltzer v McAnns Bar & Grill*, 85 AD2d 826, 826). We conclude that petitioner failed to meet that burden. Although petitioner's handwriting expert testified that the signature of decedent on the marriage certificate was forged, the expert's testimony was thoroughly impeached on cross-examination, and the Surrogate had ample reasons for rejecting the expert's opinion. We further conclude that, contrary to the contention of petitioner, the Surrogate did not improperly limit her proof at the hearing.

We agree with petitioner, however, that the court erred in awarding fees to the Public Administrator and attorney's fees to the attorney for respondent. We therefore modify the order in appeal No. 1 by vacating the fees awarded to the Public Administrator and the attorney's fees awarded to the attorney for respondent, and we reverse the order in appeal No. 2. In our view, petitioner did not engage in frivolous conduct warranting the imposition of sanctions against her pursuant to 22 NYCRR 130-1.1 (a). Inasmuch as decedent did not inform her closest friends and relatives that she was married and filed her taxes as a single person, petitioner had a good faith basis to question whether decedent was married to respondent. Although her challenge to the validity of the marriage certificate was unsuccessful, petitioner also had a legitimate basis for believing that her sister's signature on the marriage certificate may have been

forged.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court