# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**433**

**OP 13-01643**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF MICHAEL D. SCHMITT, PETITIONER,

V                                           MEMORANDUM AND ORDER

HONORABLE JAMES J. PIAMPIANO, RESPONDENT.

---

MICHAEL D. SCHMITT, ROCHESTER, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul and set aside the determination of respondent finding petitioner in contempt.

It is hereby ORDERED that the determination is unanimously annulled on the law without costs and the petition is granted.

Memorandum: Petitioner commenced this original CPLR article 78 proceeding pursuant to CPLR 506 (b) (1) seeking to annul the determination finding petitioner in contempt of court and imposing a fine of $500. The conduct resulting in the order of contempt occurred while petitioner, an attorney appearing before respondent as defense counsel in a criminal case, cross-examined a prosecution witness regarding his criminal history.

Initially, we note that the order recites that it was a commitment for "[c]ivil [c]ontempt," but respondent contends that this was actually a summary criminal contempt adjudication pursuant to Judiciary Law § 750 (A) (3) based on petitioner's willful disobedience of a court ruling. We agree with respondent that this was an order of criminal contempt inasmuch as "the aim . . . [was] solely to punish [petitioner] for disobeying a court order" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 239; *see Matter of McCormick v Axelrod*, 59 NY2d 574, 582-583, *order amended* 60 NY2d 652). We therefore disregard the mistaken reference to civil contempt in the order, as well as the reference to Judiciary Law § 774, which has no relevance to the finding of contempt inasmuch as respondent did not impose a period of imprisonment (*see generally* CPLR 2001, 5019 [a]).

We agree with petitioner that the record does not support a finding of contempt. A court may punish a person for criminal

contempt where, inter alia, the person is guilty of willful disobedience of a lawful mandate (Judiciary Law § 750 [A] [3]).  To sustain the finding of criminal contempt, there must exist "an unequivocal mandate" (*Department of Envtl. Protection of City of N.Y.*, 70 NY2d at 240), and we conclude that there was no such mandate here (*see Matter of Dobozin v Tills*, 6 AD3d 1220, 1220).  During the criminal trial, respondent noted that the prosecution witness had a youthful offender robbery adjudication that petitioner could question him about because the witness opened the door to such testimony.  Respondent, however, did not unequivocally mandate that petitioner was precluded from asking the witness whether he was "convicted" of robbery.  In light of our determination, we do not consider petitioner's remaining contention.

Entered:  May 2, 2014

Frances E. Cafarell
Clerk of the Court