Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research (2020 NY Slip Op 02534)





Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research


2020 NY Slip Op 02534


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


150856/17 -11178NA -325 11178N 11177

[*1]Errant Gene Therapeutics, LLC, Plaintiff-Respondent,
v
Sloan-Kettering Institute for Cancer Research, et al., Defendants-Appellants.
Errant Gene Therapeutics, LLC, Plaintiff-Respondent,
v
Sloan-Kettering Institute for Cancer Research, Defendant, Bluebird Bio, Inc.,Defendant-Appellant.


Wilmer Hale, New York (Robert J. Gunther, Jr. of counsel), for Sloan-Kettering Institute for Cancer Research, appellant.
Schlam Stone & Dolan LLP, New York (Jeffrey M. Eilender of counsel), for Bluebird Bio, Inc., appellant.
McCue Sussman Zapfel & Cohen P.C., New York (Kenneth Sussmane of counsel), and Wuersch & Gering LLP, New York (Kevin Murphy of counsel), for respondent.



Orders, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about July 22 and 31, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motions for summary judgment dismissing the complaint, unanimously affirmed. Order, same court and Justice, entered August 27, 2019, imposing sanctions against Bluebird Bio Inc. (Bluebird) in the amount of $25,000 and denying its motion to hold plaintiff in civil contempt, unanimously modified, on the law and the facts, to vacate the sanctions, and otherwise affirmed, without costs.
In the early 2000's, defendant Sloan Kettering Institute for Cancer Research's (Sloan-Kettering) researcher, Dr. Michel Sadelain, developed an experimental gene therapy treatment for thalassemia using a recombinant "vector," i.e., a DNA molecule used as a vehicle to artificially carry foreign genetic material into another cell (the Sloan vector). In 2001, Sloan-Kettering filed for patent protection on the Sloan vector technology and was granted U.S. Patent No. 7,541,179.
The court properly denied defendant Sloan-Kettering's motion for summary judgment dismissing plaintiff's fraud claim as there remain issues of fact as to whether it was reasonable for plaintiff to rely on Sloan-Kettering's principals' statements about Sloan-Kettering's readiness [*2]to proceed to the clinical trial stage and its intentions with respect to its commitment to the research.
The court also properly denied Sloan-Kettering's motion for summary judgment dismissing plaintiff's claim for breach of the 2011 agreement as there remain issues of fact as to whether Sloan-Kettering did not, and never intended to, use its best efforts to create and commercialize the gene therapy vector that was created, in part, by plaintiff and whether plaintiff waived its claim for breach of the 2011 agreement. Contrary to defendant's contentions, this Court has already determined that "[t]he measure of plaintiff's damages, as alleged, is not speculative as a matter of law" (Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research, 174 AD3d 473, 475 [1st Dept 2019]).
Sloan-Kettering's motion for summary judgment dismissing plaintiff's claim for breach of the 2005 agreement was also properly denied as there are issues of fact as to whether Sloan-Kettering breached the agreement by disclosing to Bluebird confidential information regarding plaintiff's treatment in secret meetings while the agreement was in effect.
The court properly denied Bluebird's motion for summary judgment dismissing plaintiff's unfair competition claim as there are issues of fact as to whether Bluebird used plaintiff's confidential information about the vector as part of a scheme with Sloan-Kettering to market a gene therapy before plaintiff did and, at a minimum, whether Bluebird was aware of any fraud on Sloan-Kettering's part.
Contrary to Bluebird's contention, plaintiff's unfair competition claim is timely. Since plaintiff is a resident of Illinois and it allegedly suffered damage in Illinois, where it does business, New York's borrowing statute applies for statute of limitations purposes (CPLR 202). Under CPLR 202, plaintiff's unfair competition claim must be timely under the shorter of New York and Illinois' statute of limitations for unfair competition claims. In New York, plaintiff's unfair competition claim is subject to a six-year statute of limitations because it is based on fraud (see Mario Valente Collezioni, Ltd. v Aak Ltd., 280 F Supp 2d 244, 258 [SD NY 2003]; see generally Katz v Bach Realty, Inc., 192 AD2d 307 [1st Dept 1993]). In Illinois, plaintiff's unfair competition claim is subject to a five-year statute of limitations and it accrues when plaintiff either knew or should have known of the existence of the right to sue (Henderson Sq. Condominium Assn. v LAB Townhomes, LLC, 2015 IL 118139, 46 NE3d 706 [2015]). Thus, under CPLR 202, Illinois' five-year statute of limitations applies to plaintiff's unfair competition claim. Under that statute of limitations, the unfair competition claim is timely because it accrued less than five years before plaintiff commenced the action on January 27, 2017. Initially, there is no evidence that plaintiff discovered or could have discovered that Bluebird was engaging in fraudulent behavior, allegedly aimed at destroying plaintiff and controlling the market for a gene therapy treatment, prior to January 27, 2012. Plaintiff asserts that it did not discover the facts underlying Bluebird's alleged fraudulent behavior until documents were produced in discovery in a separate litigation in June 2016. Moreover, at the earliest, plaintiff could have discovered Bluebird's alleged fraudulent behavior in September 2012, when Bluebird circulated a presentation it had given in which it discussed the intellectual property that plaintiff alleges it copied. Bluebird's assertion that the claim is untimely because plaintiff knew of the facts underlying its unfair competition claim as early as 2010 and 2011 based on emails sent by plaintiff's CEO is without merit. The emails referenced by Bluebird merely demonstrate plaintiff's suspicion that Bluebird was acting fraudulently, not that plaintiff had discovered or could have discovered the facts underlying its claim.
The court providently exercised its discretion in denying Bluebird's motion to hold plaintiff in contempt after a hearing (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). However, the court improvidently exercised that discretion in awarding sanctions against Bluebird, because, among other reasons, Bluebird's contempt motion was not so clearly meritless as to be deemed frivolous, and the court failed to satisfy the procedural requirements of 22 NYCRR 130—1.2 (see Gordon Group Invs., LLC v Kugler, 127 AD3d 592, 595 [1st Dept 2015]).
M-200 &
M-325 - Errant Gene Therapeutics, LLC v
Sloan-Kettering
Motion and cross motion for sanctions denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK