Steffen v DirecTv, Inc. (2021 NY Slip Op 00702)





Steffen v DirecTv, Inc.


2021 NY Slip Op 00702


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


674 CA 19-00775

[*1]PATRICK STEFFEN AND MARIA STEFFEN, PLAINTIFFS-APPELLANTS,
v
DIRECTV, INC., DEFENDANT-RESPONDENT, AND MASTEC NORTH AMERICA, INC., NONPARTY RESPONDENT. (APPEAL NO. 3.) 






DOLCE PANEPINTO, P.C., BUFFALO (JONATHAN M. GORSKI OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
GOLDBERG SEGALLA LLP, BUFFALO (WILLIAM O'CONNELL OF COUNSEL), FOR DEFENDANT-RESPONDENT AND NONPARTY RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 7, 2019. The order denied the motion of plaintiffs to hold nonparty MasTec North America, Inc., in civil and criminal contempt. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law §§ 200, 240 (1), 241 (6) and common-law negligence action to recover damages for injuries Patrick Steffen (plaintiff) allegedly sustained while installing a satellite dish on the roof of a private residence to provide internet service from nonparty WildBlue Communications, Inc. (WildBlue). Plaintiff performed the installation as an employee of nonparty MasTec North America, Inc. (MasTec), a WildBlue subcontractor, but he drove a truck that had defendant's logo on it, wore DirecTV-branded clothes, and believed that WildBlue's internet service was a product of defendant.
Before commencing this action, plaintiffs obtained an order (pre-action disclosure order) requiring MasTec to provide certain documents related to the satellite dish installation project and MasTec's relationship with defendant. Although MasTec allegedly disclosed only a work order concerning the installation project, plaintiffs did not seek enforcement of the pre-action disclosure order before commencing the action.
After the parties engaged in several years of discovery, defendant and MasTec moved, inter alia, to quash a subpoena plaintiffs served on MasTec and for a protective order precluding any further depositions of defendant's representatives. Plaintiffs cross-moved for, inter alia, an order directing defendant to comply with plaintiffs' document requests and directing MasTec to comply with the subpoena, arguing that additional discovery was needed because the inadequate disclosure by defendant and MasTec up to that point had concealed the existence of WildBlue as a potential party. Supreme Court denied the cross motion and granted, inter alia, that part of the motion seeking a protective order.
Plaintiffs thereafter moved for summary judgment on the issue of liability with respect to the Labor Law §§ 240 (1) and 241 (6) causes of action, and defendant moved for summary judgment dismissing the complaint, arguing that it was not a proper defendant because plaintiff did not work for it at the time of the accident and defendant had no involvement with the installation project.
In appeal No. 1, plaintiffs appeal, as limited by the brief, from an order that granted [*2]defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' motion for summary judgment with respect to liability on the Labor Law §§ 240 (1) and 241 (6) causes of action. In appeal No. 2, plaintiffs appeal from the order that, inter alia, granted that part of defendant's motion seeking a protective order. In appeal No. 3, plaintiffs appeal from an order that denied their motion seeking to hold nonparty MasTec in civil and criminal contempt based on its failure to comply with the pre-action disclosure order. We affirm in all three appeals.
In appeal No. 1, we conclude that the court properly granted defendant's motion for summary judgment dismissing the complaint with respect to the Labor Law §§ 240 (1) and 241 (6) causes of action. Defendant met its initial burden on the motion of establishing that it was not an owner, contractor or agent for purposes of the Labor Law (see generally Labor Law §§ 240 [1]; 241 [6]). Defendant submitted evidence demonstrating that it had no involvement in the installation of the satellite dish and that plaintiff was not working for it at the time of the accident. Rather, the evidence established that WildBlue provided the internet service and the satellite dish and directed plaintiff's employer to install the satellite dish. In opposition, plaintiffs failed to raise a triable issue of fact with respect to whether defendant had any involvement in the satellite dish installation project (cf. Rauls v DirecTV, Inc., 113 AD3d 1097, 1098-1099 [4th Dept 2014]; see generally Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). To the contrary, the record confirms that, as of the date of the accident, plaintiffs were fully aware of WildBlue's involvement in the satellite dish installation project. In light of our determination, we further conclude that the court properly denied plaintiffs' motion for summary judgment on the issue of defendant's liability under Labor Law §§ 240 (1) and 241 (6).
In appeal No. 2, we conclude that the court did not abuse its "broad discretion in supervising the discovery process" by granting defendant's motion for a protective order (Finnegan v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership, 90 AD3d 1676, 1677 [4th Dept 2011]). At that point in discovery, the disclosure had already established that the work order for the satellite installation project had been sent to MasTec from WildBlue and that there was nothing that showed that defendant was involved in the project. Moreover, plaintiffs had contemporaneously identified WildBlue as an entity involved in the installation work. The court thus properly determined that no further disclosure was warranted for plaintiffs to ascertain the precise relationship that existed among defendant, MasTec, and WildBlue.
With respect to appeal No. 3, we conclude that the court did not abuse its discretion in declining to hold MasTec in civil contempt for its failure to comply with the pre-action disclosure order (see Matter of Mundell v New York State Dept. of Transp., 185 AD3d 1470, 1471 [4th Dept 2020]). To establish civil contempt under Judiciary Law § 753, the party seeking the order must show by clear and convincing evidence that there was a lawful order of the court with a clear and unequivocal mandate; that the order had been disobeyed; that the party to be held in contempt had knowledge of the court's order; and that the party seeking the order was prejudiced (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]). Here, plaintiffs waited five years before seeking to hold MasTec in contempt for its failure to comply with the pre-action disclosure order, a delay that we conclude is excessive (see e.g. Matter of Lipsig [Manus], 139 AD3d 600, 601 [1st Dept 2016]; Levin v Halvin Co., 63 AD2d 924, 925 [1st Dept 1978]). In addition, plaintiffs were not prejudiced by MasTec's failure to comply with the pre-action disclosure order because, as noted above, plaintiffs were at all times aware of WildBlue and its involvement in the satellite dish installation project (see generally Town of Lloyd v Moreno, 297 AD2d 403, 405 [3d Dept 2002]).
Finally, we conclude that the court properly declined to hold MasTec in criminal contempt under Judiciary Law § 750 (A) (3). Although no finding of prejudice is required to find a party guilty of criminal contempt, here the court properly denied plaintiffs' motion because there is no evidence that MasTec's failure to comply with the pre-action disclosure order was willful (see generally Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 239-240 [1987]; Matter of Schmitt v Piampiano, 117 AD3d 1478, 1479 [4th Dept 2014]).
All concur except Bannister, J., who dissents and votes to modify in accordance with the following memorandum: In my view, Supreme Court abused its discretion in denying that part of plaintiffs' motion seeking to hold nonparty MasTec North America, Inc. (MasTec) in civil [*3]contempt based on its failure to comply with a pre-action disclosure order. For this reason, I dissent in appeal No. 3 and would modify the order in appeal No. 3 by granting that part of the motion seeking to hold MasTec in civil contempt and remit the matter to Supreme Court to determine the appropriate sanction to be imposed (see Judiciary Law § 753 [A]; see generally Beneke v Town of Santa Clara, 61 AD3d 1079, 1081 [3d Dept 2009]).
"A finding of civil contempt must be supported by four elements: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect; (2) [i]t must appear, with reasonable certainty, that the order has been disobeyed; (3) the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party; and (4) prejudice to the right of a party to the litigation must be demonstrated" (Dotzler v Buono, 144 AD3d 1512, 1513-1514 [4th Dept 2016] [internal quotation marks omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]). A movant seeking a contempt order bears the burden of establishing the foregoing elements by clear and convincing evidence (see El-Dehdan, 26 NY3d at 29; Belkhir v Amrane-Belkhir, 128 AD3d 1382, 1382 [4th Dept 2015]).
Here, the court issued a pre-action disclosure order directing MasTec to produce copies of all invoices for installation work MasTec performed on the day of plaintiff Patrick Steffen's accident. MasTec admits that it did not provide plaintiffs with the invoice for the work done until after plaintiffs commenced the instant action, and then only after the statute of limitations against nonparty WildBlue Communications, Inc. (WildBlue) had expired. That invoice clearly identified WildBlue, and only WildBlue, as the party to sue. Moreover, MasTec did not disclose the invoice until the day before its representative was scheduled to be deposed, i.e., right before the existence of the invoice would have been discovered. Thus, plaintiffs clearly satisfied their burden with respect to the first three elements for contempt by establishing that MasTec knowingly disobeyed a mandate of the court.
Plaintiffs also established that they were prejudiced by MasTec's failure to comply with the pre-action disclosure order. Had the invoice been disclosed as required by that order, plaintiffs' counsel would have been able to identify WildBlue as the appropriate defendant and plaintiffs' suit might still be viable. The invoice indicated that, on the day of the accident, the only hardware being installed on the customer's roof was the WildBlue satellite dish that would provide the WildBlue internet service ordered by the customer. All concede that MasTec's installation of only WildBlue equipment and internet service was highly unusual.
In my view, MasTec was hiding the essential facts of the accident, and the corporate interplay between defendant, MasTec, and WildBlue was far from transparent. MasTec's insurer also insured WildBlue and defendant, and MasTec's lawyer represented all of those entities. The insurer and the lawyer were in a position to understand the import of the information on the invoice, while plaintiffs, having been deprived of the court-ordered disclosure, were unaware of the information thereon. MasTec clearly benefitted from its defiance of the pre-action disclosure order, and plaintiffs suffered prejudice by not having the document that the court ordered MasTec to disclose. Thus, in my view, a finding of civil contempt was warranted in this case, and the court abused its discretion in denying that part of
plaintiffs' motion.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court