Matter of Fischione v PM Peppermint, Inc. (2021 NY Slip Op 04858)





Matter of Fischione v PM Peppermint, Inc.


2021 NY Slip Op 04858


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


583 CA 20-01006

[*1]IN THE MATTER OF MATTHEW FISCHIONE, TOWN OF LANCASTER CODE ENFORCEMENT OFFICER AND TOWN OF LANCASTER, PETITIONERS-APPELLANTS,
v
PM PEPPERMINT, INC., PAUL MARINACCIO, RESPONDENTS-RESPONDENTS, ET AL., RESPONDENTS. 






HODGSON RUSS LLP, BUFFALO (HENRY A. ZOMERFELD OF COUNSEL), FOR PETITIONERS-APPELLANTS.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JAMES R. O'CONNOR OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered August 10, 2020. The order, among other things, dismissed the petition seeking, inter alia, an order and judgment holding respondents in civil and criminal contempt. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying respondents-respondents' motion for costs, attorneys' fees, and sanctions in its entirety and vacating the fourth and fifth ordering paragraphs, and as modified the order is affirmed without costs.
Memorandum: Petitioners commenced this special proceeding seeking, inter alia, an order and judgment holding respondents in civil and criminal contempt for allegedly violating a 2016 consent order and judgment. The consent order and judgment had resolved a prior proceeding between respondent PM Peppermint, Inc. (Peppermint), and petitioner Matthew Fischione in his capacity as the Town of Lancaster Code Enforcement Officer. Pursuant to the consent order and judgment, "[n]o mulching, composting, or solid waste disposal" was permitted to occur at Peppermint's property.
Contrary to petitioners' contention, Supreme Court properly granted the motion of respondents-respondents (respondents) for a trial order of dismissal at the close of petitioners' proof at the hearing because the consent order and judgment "did not provide a clear and unequivocal mandate prohibiting the specific conduct" engaged in by respondents (Dan's Hauling & Demo, Inc. v GMMM Hickling, LLC, 193 AD3d 1404, 1409 [4th Dept 2021]; see also Matter of Schmitt v Piampiano, 117 AD3d 1478, 1479 [4th Dept 2014]; Halfond v White Lake Shores Assn., Inc., 114 AD3d 1315, 1316-1317 [4th Dept 2014]). A clear and unequivocal mandate is necessary for a finding of civil contempt under Judiciary Law § 753 (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Riccelli Enters., Inc. v State of N.Y. Workers' Compensation Bd., 142 AD3d 1352, 1353 [4th Dept 2016]), and criminal contempt under Judiciary Law § 750 (see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 240 [1987]; Schmitt, 117 AD3d at 1479). In this case, the consent order and judgment was ambiguous with respect to whether the challenged property maintenance performed by respondents over two days constituted the prohibited act of mulching, and "ambiguity should be resolved in favor of the alleged contemnor" (Town of Virgil v Ford, 184 AD2d 901, 903 [3d Dept 1992]; see Salinger v Salinger, 125 AD3d 747, 749 [2d Dept 2015]). Also, the hearing record is devoid of evidence that respondents acted with the requisite willfulness to support a finding of criminal contempt (see generally Schmitt, 117 AD3d at 1479).
Although we reject petitioners' contention that the court abused its discretion in denying their cross motion for costs, sanctions, and attorneys' fees against respondents, we agree with petitioners that the court erred in granting in part respondents' motion seeking the same relief by awarding costs in favor of respondent Paul Marinaccio pursuant to 22 NYCRR 130-1.1. We therefore modify the order accordingly. We conclude that the court abused its discretion in awarding those costs because petitioners' contempt petition was "not so clearly meritless as to be deemed frivolous, and the court failed to satisfy the procedural requirements of 22 NYCRR 130-1.2" (Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research, 182 AD3d 506, 509 [1st Dept 2020]). Although petitioners were ultimately unsuccessful, they had a good faith belief that respondents had performed mulching in violation of the consent order and judgment (see Tavella v Tavella, 25 AD3d 523, 525 [1st Dept 2006]; see also Matter of Petote, 81 AD3d 1370, 1372 [4th Dept 2011]), and their inclusion of Marinaccio in the proceeding was appropriate inasmuch as he was the sole owner and principal of Peppermint and, thus, could be punished for Peppermint's disobedience of the consent order and judgment (see 1319 Third Ave. Realty Corp. v Chateaubriant Rest. Dev. Co., LLC, 57 AD3d 340, 341 [1st Dept 2008]; see also Tishman Constr. Corp. v United Hispanic Constr. Workers, Inc., 158 AD3d 436, 437 [1st Dept 2018]).
Finally, we decline respondents' request to award costs or impose sanctions against petitioners for petitioners' prosecution of this appeal. Insofar as respondents contend that the court erred by failing to impose sanctions against petitioners below, that request for affirmative relief is "not properly before us because [respondents] did not file a notice of appeal" (Matter of Hennessy v Board of Elections of County of Oneida, 175 AD3d 1777, 1778 [4th Dept
2019]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court