Gregg v Lan Zhen Chen (2023 NY Slip Op 04992)

Gregg v Lan Zhen Chen

2023 NY Slip Op 04992

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-00407
 (Index No. 100052/19)

[*1]R. A. Gregg, etc., appellant, et al., plaintiff,
v
Lan Zhen Chen, et al., respondents.

R. A. Gregg, Staten Island, NY, appellant pro se.
The Law Offices of Perry Ian Tischler, P.C., Bayside, NY, for respondents.

DECISION & ORDER
In an action to recover damages for breach of bailment and intentional infliction of emotional distress, the plaintiff R. A. Gregg appeals from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico), dated December 22, 2020. The order, insofar as appealed from, denied that plaintiff's motion, inter alia, for a declaration that an order of the Civil Court of the City of New York, Richmond County (Kimberly S. Slade, J.), dated August 29, 2019, was invalid, and denied, without a hearing, his separate motion to hold the defendants in civil and criminal contempt for failure to comply with an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated July 21, 2020.
ORDERED that the order dated December 22, 2020, is affirmed insofar as appealed from, with costs.
The defendants are the former landlords of the plaintiff R. A. Gregg. The plaintiffs commenced this action, inter alia, to recover damages for breach of bailment based on the defendants allegedly damaging or removing personal property remaining on the premises following Gregg's eviction in August 2019. In an order dated July 21, 2020, the Supreme Court temporarily enjoined the defendants from discarding or removing the plaintiffs' personal property to the extent it remained at the premises, pending hearing and determination of Gregg's motion for injunctive relief (hereinafter the TRO). On or about August 11, 2020, Gregg moved to hold the defendants in civil and criminal contempt for violating the TRO. By order dated August 20, 2020, the court, among other things, vacated the TRO and denied Gregg's motion for injunctive relief. The court determined, inter alia, that there was no basis to enjoin the defendants from discarding any of the plaintiffs' personal property remaining on the premises, as the defendants had been expressly granted the authority to do so pursuant to an order of the Civil Court of the City of New York dated August 29, 2019 (hereinafter the Civil Court order).
In an order dated December 22, 2020, the Supreme Court, inter alia, denied, without a hearing, Gregg's motion to hold the defendants in civil and criminal contempt, and denied his separate motion, among other things, for a declaration that the Civil Court order was invalid. Gregg appeals from the order dated December 22, 2020.
"A motion to punish a party for civil contempt is addressed to the sound discretion [*2]of the motion court" (Bongiorno v Di Frisco, 196 AD3d 452, 454 [internal quotation marks omitted]). "To support a finding of civil contempt, the moving party bears the burden of proving, by clear and convincing evidence, (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation" (Integrity Real Estate Consultants v Re/Max of N.Y., Inc., 213 AD3d 815, 820 [internal quotation marks omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29). "The imposition of punishment for criminal contempt similarly requires a showing that the alleged contemnor violated a clear and unequivocal court mandate" (Venables v Rovegno, 195 AD3d 879, 880 [internal quotation marks omitted]). "[A]n essential element of criminal contempt is willful disobedience" (Ruffino v Serio, 206 AD3d 776, 777 [internal quotation marks omitted]; see Venables v Rovegno, 195 AD3d 879). "In contrast to civil contempt, because the purpose of criminal contempt is to vindicate the authority of the court, no showing of prejudice is required" (Madigan v Berkeley Capital, LLC, 205 AD3d 900, 905-906; see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 240).
Here, the Supreme Court correctly concluded, under the circumstances, that Gregg could not establish prejudice, as the alleged actions of the defendants did not "defeat, impair, impede, or prejudice the rights or remedies of a party" (Tedesco v Elio, 211 AD3d 1074, 1076 [internal quotation marks omitted]; see Judiciary Law § 753[A]; Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964; Altbach v Kulon, 302 AD2d 655, 659). Further, Gregg failed to establish the defendants' willful disobedience of the TRO as required to support a finding of criminal contempt (see Venables v Rovegno, 195 AD3d at 881). Accordingly, the court properly denied Gregg's motion to hold the defendants in civil and criminal contempt.
In addition, the Supreme Court properly denied that branch of Gregg's motion which was for a declaration that the Civil Court order was invalid. A declaratory judgment may not be sought "to circumvent the normal appellate process" (Maiorano v Town of Cortlandt, 209 AD2d 485, 485; see Bower & Gardner v Evans, 60 NY2d 781, 783; Rodriguez v City Ct. of City of Yonkers, 138 AD2d 475). "The proper remedy, if one is aggrieved by the order of a court, is to take an appeal from the final order or judgment" (Matter of Fontani v Hershowitz, 12 AD3d 672, 673).
Gregg's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court